### TOM JOHNSON v. THE STATE.

#### No. 2318. Decided November 28, 1900.

**1. Assault with Intent to Rape—Impeachment of Prosecutrix—Hearsay.**

On a trial for rape, where prosecutrix has been impeached by proof of contradictory statements, it is not competent, by way of sustaining her, to prove by her father and mother that they told a justice of the peace that prosecutrix, in making the complaint before him, had made the same statement to him as she had made on the former trial of the case; such testimony was hearsay, and under no contingency was it admissible as evidence.

**2. Same—Age of Prosecutrix—Evidence.**

On a trial for rape, the prosecutrix, as a witness, must testify as to her own age, and not what her mother had told her, especially where the mother is a witness in the case and is present.

**3. Assault with Intent to Rape of a Female Under Fifteen Years—Evidence that She Had Fits.**

On a trial for assault to rape a female under fifteen years of age, evidence that she had had fits all her life, is inadmissible for any purpose.

**4. Objections to Admitted Evidence.**

Objections to evidence admitted that, "it is immaterial, irrelevant, and does not support any issue in the case," is too general to be considered.

**5. Same—Evidence—Hearsay.**

On a trial for assault to rape, the testimony of the stepfather of prosecutrix to the effect that he had told the district attorney that one H. had admonished the prosecutrix that if she testified again as she had done on the former trial, she would be sent to the penitentiary, is hearsay of hearsay and inadmissible.

**6. Improper Argument—Bill of Exceptions Proved by Bystanders.**

Where the district judge, in explanation of a bill of exceptions to improper argument of the district attorney, states that he did not hear the argument, this is tantamount to his refusal to approve said bill, and it was competent to prove up the facts by bystanders.

**7. Improper Argument—Allusion to Former Conviction.**

Our statute, Code of Criminal Procedure, article 823, expressly prohibits the district or county attorney from alluding, in his argument, to, and commenting upon, on the second trial, the previous conviction where a new trial was granted.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

Appellant was charged by the indictment with the rape of Arrena Johnson, a female under the age of fifteen years and not his wife.

No statement of the case necessary.

No briefs for either party have come to the hands of the Reporter.

*Rob't A. John,* Assistant-Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to commit rape, and given two years in the penitentiary.

Bill number 1 complains that the court permitted the introduction of the following testimony: "That Lem Rhodes and his wife [step-

father and mother of prosecutrix] came to Nacogdoches next morning after it was said the offense was committed, and made complaint before the justice of the peace charging appellant with rape, and, while making this statement, said that prosecutrix's statement before said justice was the same made to him, as she stated on the former trial of this case." The learned judge appends this explanation: "This testimony was admitted after Arrena Johnson had been impeached by proof of contradictory statements made by witness Johnson." This explanation would not render the testimony admissible. It would still be hearsay of the most damaging character. Certainly, what Lem Rhodes and his wife told the justice of the peace as to their opinion as to what prosecutrix, Arrena Johnson, had sworn, would be hearsay, and under no contingency would it be admissible as evidence.

Bill number 2 complains that the district attorney asked prosecuting witness how old she was, to which she replied, "I don't know, sir; my mamma says that I am about 14 years old." Appellant objected as to that part of the testimony of witness detailing what her mother said; the ground of objection being that her mother's statement was hearsay; her mother, being a witness and present, could better tell prosecutrix's age. The court qualifies this bill, to wit: "The question was asked the witness, as stated, how old she was, and she stated that she did not know, but that her mamma told her she was fourteen years old. There was no exception to the answer of the witness at the time." With this qualification, we can not say whether or not there is reversible error, since it does not state when the objection was made, but merely says there was no exception to the answer of the witness at the time. What time is alluded to is not stated, nor is it stated in the explanation as to whether there was a motion made subsequent to the introduction of the testimony to exclude witness' testimony and bill of exceptions reserved. At any rate, the witness must testify as to her own knowledge as to her age, and not as to what her mother may have said. This certainly is true when the mother is a witness and is present.

Bill number 3 complains that the court permitted the State's counsel to prove that prosecutrix had fits, "and had had such fits pretty well all her life." The ground of objection is that there was no allegation in the indictment to authorize such testimony. Appellant was tried for assault with intent to rape upon a child under fifteen years of age. We are at a loss to know how it would be permissible to prove that she had fits, unless the prosecution was seeking to convict under the lunacy clause of the rape statute. If it was sought by this testimony to prove that prosecutrix was of weak mind, and thereby show that she probably did not give consent, then the testimony would not be admissible, because the question of consent is not an element of an assault with intent to rape upon a child under fifteen years of age.

Bill number 4 shows that the court permitted Lem Rhodes, for the State, to make the following statement, in reply to questions from the district attorney: "That said witness came to the hotel, and said to

the district attorney that George Ann Hamil had admonished witness Arrena Johnson that if said prosecutrix did testify to the same thing she testified to on the former trial, she (prosecutrix) would be sent to the penitentiary, and that they would all be sent to the penitentiary if all the witnesses said the same on the trial of this case that they said on the former trial." The objection to this testimony is that same is immaterial, irrelevant, and was not in support of any issue at bar. The first two objections we have repeatedly held are too general to be considered, and the same might be said of the third. However, in view of another trial, we would say that said testimony is highly prejudicial to the rights of the defendant, is pure hearsay—in fact, is hearsay of hearsay—and should not have been admitted.

Bill number 6 complains that the district attorney, in his argument to the jury, used this language, over objection of appellant: "Gentlemen of the Jury: The defendant was on a former trial of this case convicted of rape, and the court gave him a new trial because one of the jury got drunk, and because of the fact that the said Arrena Johnson had fits was sufficient and warranted the jury in giving defendant the highest punishment. But, gentlemen of the jury, you can't convict him of rape, but you can convict him of an assault with an intent to rape; and, gentlemen of the jury, if I had known that said Arrena had fits when I drew the bill of indictment, I would have alleged that she was of weak mind." This bill is approved in the following manner: "We, the undersigned citizens of the State of Texas, hereby attest that we are fully informed and understand the contents of the foregoing bill of exceptions; that we were bystanders in the court and present when the matter above related in said bill occurred; and we are fully cognizant of said matters, and the said bill of exceptions which the judge presiding at said trial has refused to sign is correct, and truly presents the facts, in substance, as they really transpired. [Signed] F. A. Rightmer, Thos. B. Lewis, and R. L. Jordan. Sworn to and subscribed before A. Chesnutt, Notary Public, Nacogdoches County, Texas." Bill number 5, which precedes the one just quoted, is, in substance, the same as the one now under consideration, but the trial court appended this explanation to that bill: "I did not hear the remarks of the district attorney complained of, nor was my attention called to them. During the trial of the case, while the witnesses were on the stand, allusions were frequently made to the former trial, and the district attorney at one time asked a witness to state what was the result of the trial. I did not permit the witness to answer the question, and rebuked the district attorney for asking the question, and in the charge of the jury I endeavored to eliminate the reference to a former trial by telling the jury that they were not to consider any allusion or reference to it." An inspection of this qualification of the trial court reveals the fact that he does not certify one way or the other as to whether the district attorney made the remarks stated in the bill, but simply states he did not hear him. We have heretofore held that the bill of exceptions signed by bystanders will not be

considered where it is not shown, otherwise than by the statement of the bystanders, that the trial judge declined or refused to sign the bill as to the matter. Landrum v. State, 37 Texas Crim. Rep., 666; Exon v. State, 33 Texas Crim. Rep., 461. However, we think the explanation above copied clearly shows that the trial court refused to approve the bill of exceptions containing the statement of the district attorney, as he says he did not hear it. This being true, we think it clearly within the purview of the statute, under such an explanation, for appellant, through his counsel, to prove up the facts by competent bystanders, as has been done in this case. Now, reverting to the bill of exceptions approved by the bystanders, we say the conduct of the district attorney was entirely uncalled for, and not warranted by any law, but in the face of the statute declaring that he must not comment upon nor allude to the previous conviction of appellant. See Gann v. State (just decided), 59 S. W. Rep., 896.

We do not think the court erred in failing to charge on aggravated assault and battery, nor simple assault and battery, as the evidence before us does not raise these issues. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*