## Milton Curry v. The State.

No. 3303.   Decided May 30, 1906.

**1.—Rape—Age of Consent—Proof of Age.**

Age may be proved by the testimony of the person whose age is in question; and the fact that his or her knowledge is derived from the statements of the parents or from family reputation, does not render the testimony inadmissible.

**2.—Same—Confession—Warning.**

In a prosecution for rape where the defendant was warned by the officer, his statement to the latter that he had intercourse with prosecutrix and that she was 13 or 14 years of age was admissible.

**3.—Same—Fixing Age by Date of Other Event.**

In a prosecution for rape it was admissible to prove the date of a certain political campaign and thereby fix the age of the prosecutrix.

**4.—Same—Harmless Error—Bill of Exceptions.**

On a trial for rape, it was harmless error to admit testimony that prosecutrix had not had sexual intercourse with any other person than defendant. Besides the bill of exceptions was too general to be reviewed.

**5.—Same—Newly Discovered Evidence—Parents of Prosecutrix—Marriage.**

Where upon motion for new trial, after conviction for rape, it was not shown that defendant's attorneys made an investigation prior to the trial as to the marriage of the parents of the prosecutrix, to ascertain the facts connected with the latter's birth, the same was not newly discovered evidence; besides the testimony was not material, the parents being negroes and may have married under some other name, or procured license in some other county than that set up in motion.

**6.—Same—Marriage License.**

Upon trial for rape where the evidence established the age of the prosecutrix by the testimony of herself, parents and the admission of defendant himself; testi-

mony of the county clerk that the record of the county did not disclose the marriage of the parents could not have affected the question of the age of prosecutrix.

**7.—Same—Charge of Court—Burden—Weight of Testimony.**

Upon a trial for rape where the courts charge, after giving the general definition of the offense, reasonable doubt and age of consent, further instructed the jury that if they believed from the evidence that at the time the defendant had sexual intercourse with prosecutrix, she was of the age of 15 years or over, or if they had a reasonable doubt of such fact, to acquit, the same did not impose on him the burden of proof; nor was it a charge on the weight of the testimony.

Appeal from the District Court of Johnson.  Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of rape of a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of proving age: Pearce v. Keiser, 51 Am. Rep., 240.

HENDERSON, JUDGE.—Appellant was convicted of rape on a girl under the age of 15 years and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant and prosecutrix were both negroes, prosecutrix being the sister-in-law of appellant.  Prosecutrix testified that she stayed all night at the house of appellant; that he and his wife slept in one bed in the same room, and she slept in another bed with her two smaller brothers; that during the night appellant came over to the bed where she was and had intercourse with her.  This was some time in the fall of 1905.  She had a miscarriage in February, 1906.  Appellant testified on his own behalf, and admitted having intercourse with prosecutrix.  The only question involved was the age of the prosecutrix.  Appellant does not appear to have controverted this, but rather relies on the weakness of the State's case in regard to the age of the prosecutrix.

On cross-examination by appellant prosecutrix was asked how she knew she was only 14 years of age, and she stated that she asked her mother, and her mother said she was 14.  Appellant moved to strike out the answer because hearsay and did not show she had any personal knowledge of the fact herself.  "Age may be proved by the testimony of the person whose age is in question; and the fact that his or her knowledge is derived from the statements of the parent or from family reputation, does not render the testimony inadmissible.  See vol. 1, Ency. of Ev., p. 735; Reed v. State, 29 S. W. Rep., 1074.

There is nothing in the contention of appellant to the effect that his testimony should not have been adduced as to what he told the deputy sheriff.  He had been duly warned by the officer and it was competent for the officer to state any fact he told him.  He told the

officer that he had intercourse with the girl and that she was 13 or 14 years of age.

It was also competent to allow proof of the date of the "Hogg and Clark" election, and that it was in 1892. This became material in view of the fact that Tharp, a State's witness, testified prosecutrix was born the year of the "Hogg and Clark" campaign. He fixes her birth in connection with this campaign, and consequently it was competent to show the year when said campaign occurred, in order to fix the age. of the prosecutrix at the date of the alleged offense.

Even if it be conceded that it was not competent under any circumstances for the State to prove by prosecutrix that she had never had intercourse with any person other than appellant, we fail to see how appellant was prejudiced by her answer to the effect, that she had not had intercourse with any other person than appellant. The bill in this respect is taken in the statement of facts, and the objection urged is simply that "the testimony was immaterial." We can conceive of a state of case in which the testimony might have become material. The objection urged is ordinarily held not to be such an objection as raises a question as to the admissibility of improper evidence, so that the same can be reviewed by this court. We think the testimony was admissible under some state of case. At any rate no prejudice is shown.

Appellant insists that he should have been granted a new trial because of newly discovered evidence. In his motion for new trial, which is sworn to, he exhibits. a letter from the county clerk of Burleson County, stating that he issued no license to William Tharp and Lizzie Livingston (father and mother of prosecutrix) to marry between 1890 and 1892. Appellant claims that this was newly discovered, because for the first time he heard the mother and father of prosecutrix testify that they were married in Burleson County in 1892. It is not shown that the attorneys for appellant or appellant made any investigation as to this matter prior to the trial. If they had prosecuted an inquiry as to the age of prosecutrix, before the trial, and had inquired as to the facts connected with her birth, this would have involved the parents' marriage, and might have led appellant to the information here set out, which he claims to have been newly discovered. However, it does not occur to us that this testimony, if it be conceded to be newly discovered, was of a material character. That is, said parties might have been married in Burleson County through license procured in some other county. And again, these parties were negroes, and they may have married under some other name. Its bearing at most on the age of prosecutrix was rather remote.

As to her age we think this was sufficiently established. She was born in May, 1892, according to the testimony of herself, father and mother; and appellant himself appears to have admitted that she was under 15 at the time of the act of intercourse. His testimony controverting this was rather flimsy. However, the court submitted a

charge on this subject to the jury, and it does not occur to us that there is any serious question as to her age. At any rate the testimony of the clerk of the county court of Burleson County to the effect that his records did not disclose the marriage of said parties, would not reasonably have affected the jury so as to change the finding as to the age of prosecutrix at the time of the carnal intercourse.

There is nothing in appellant's contention, that the charge of the court as to the age of prosecutrix imposed on appellant the burden of proving that she was 15 years of age or over at the time of the act of intercourse. The court, after charging affirmatively as to this matter,—and requiring the jury to believe beyond a reasonable doubt the essentials constituting rape, and among other things, that they must find beyond a reasonable doubt that she was under 15 years of age, before they could find appellant guilty—then charged the jury as follows as a defense charge: "If you believe from the evidence that at the time the defendant had sexual intercourse with the prosecuting witness, Fannie Tharp, as alleged, she was of the age of 15 years, or over, then you will find the defendant not guilty; or if you have a reasonable doubt of the fact that she was under the age of 15 years you will give defendant the benefit of such doubt and find him not guilty," sufficiently guarded appellant's rights in respect to her age. It did not impose on him the burden of proof in that respect; nor was it a charge on the weight of testimony.

The evidence being sufficient, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.