### Walter Sheppard v. The State.

#### No. 4126.   Decided March 20, 1909.

#### Rehearing Denied June 23, 1909.

1.—Rape—Evidence—Age of Prosecutrix.

Where upon trial for rape the prosecutrix testified that her mother told her that she was fourteen years of age, there was no error in admitting such statement; it not being shown whether prosecutrix mother was dead at the time. Distinguishing Johnson v. State, 42 Texas Crim. Rep., 298.

**2.—Same—Contradicting Witness.**

A mere rumor of an accusation is not a basis for the impeachment of a witness.

**3.—Same—Age of Prosecutrix.**

Upon trial for rape where it appeared that the witness was not so situated and related to the prosecutrix as to be in position that a statement as to her age could be used as a part of her family history, there was no error in excluding same.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Portor.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*D. Thornton* and *C. E. Sheppard,* for appellant.—On question of prosecutrix age by hearsay: Simpson v. State, 46 Texas Crim. Rep., 551, 81 S. W. Rep., 321; Sims v. State, 70 S. W. Rep., 90, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of rape, his punishment being assessed at five years confinement in the penitentiary.

Bill of exceptions No. 2 shows that Nannie Moore, the prosecutrix, testified that she was born on the 13th day of February, 1892. Upon cross-examination she stated that she had no positive or personal knowledge of her birth and of her age; that so far as she knew there was no record which showed the same; that all she did know about her age was what her mother had told her. Appellant moved the court to strike out her testimony from consideration by the jury as to her age, because same was based on hearsay, and that she had no means of correct knowledge as to her age. There was no error in the ruling of the court. In the case of Johnson v. State, 42 Texas Crim. Rep., 298, 59 S. W. Rep., 898, it appears that the district attorney asked the prosecuting witness how old she was, to which she replied, "I don't know, sir; my mamma says that I am about 14 years old." Appellant objected to that part of the testimony detailing what her mother said, the ground of the objection being that her mother's statement was hearsay, her mother being a witness and present and could better tell prosecutrix' age. The court qualified the bill as follows: "The question was asked the witness, as stated, how old she was, and she stated that she did not know, but that her mamma told her she was 14 years old. There was no exception to the answer of the witness at the time." In that case we held that under the qualification we could not tell whether or not there was reversible error since it does not state when the objection was made, but merely says there was no exception to the an-

swer of the witness at the time. We further stated in said opinion that the witness must testify as to her own knowledge as to her age and not as to what her mother may have stated. This certainly is true when the mother is a witness and is present. Appellant cites this authority on the bill of exceptions, and that same shows that the court erred as shown in the bill. We had there under consideration, however, a very different question from that here presented. In this bill of exceptions there is nothing to show whether the mother was dead or present or not. In the case of Nunn v. Mayes, 30 S. W. Rep., 478, Head, Justice, delivering the opinion of the court, it is very pertinently stated that in order "to prove pedigree, hearsay evidence is admissible when based upon information derived from deceased relatives of the party in question, or from his family history, etc., but it must come from one or the other of the well recognized sources to relieve it from the general rule." In this case we have the prosecuting witness stating that her mother had informed her as to her age. The bill does not disclose whether her mother is dead or not. This is the only way that prosecutrix could know her age. In fact, it is the only way anyone can know their age, that is, by what their parents state. 1 Ency. of Ev., p. 735.

Bill of exceptions No. 4 shows that the State witness, W. F. Emmons, on cross-examination, was asked by appellant if he had not been accused of rape at one time in his former life. To which he answered that he had. Counsel for appellant then asked him with whom he had been accused of rape. The State's counsel objected to said testimony on the ground that same was immaterial and irrelevant, and not such testimony as would tend to impeach the witness. The court sustained the objection. Appellant excepted to show that witness, if permitted to testify, would have testified that he was accused of rape of his sister-in-law. This testimony was not admissible. If the witness had been indicted, under the rules of this court the testimony would have been admissible, but a mere rumor of accusation is not a basis for impeachment.

Bill of exceptions No. 5 shows that defendant's witness, John Lollar, being upon the stand, the appellant proposed to prove by the witness the following facts, which if permitted to do so, the witness would have testified: That he (witness) knew Bud Sheppard, the stepfather of prosecutrix, Nannie Moore, and that he knew the mother of prosecutrix; that he lived in the same community with them in 1903, shortly after said Bud Sheppard married the said mother of prosecutrix, and that about two days after their said marriage he had a conversation and talked with said Bud Sheppard, the stepfather of prosecutrix, who was at said time living in that community with the mother of prosecutrix and with prosecutrix as her stepfather, all of them living together as a family; and that said conversation related to the age of the prosecutrix, Nannie Moore; that this was in the fall of 1903, sometime about the month of September, and that the

said Bud Sheppard was talking to said witness about the respective ages of his, Bud Sheppard's, children, and the children of his wife, prosecutrix' mother, and that in said conversation said Bud Sheppard told this witness that he knew the age of Nannie Moore, and that she was then twelve years old past. Appellant's object and purpose in proposing to introduce said testimony was to show a circumstance relating to the age of prosecutrix and to show as a part of the family history of prosecutrix that she in the fall of 1903 was then past the age of twelve years, and that as a consequence she was more than fifteen years of age at the time of the alleged offense herein. The State objected to same on the ground that the testimony was hearsay, immaterial and irrelevant, and that the witness Bud Sheppard was not so situated and related to the prosecutrix as to be in a position to use his statements as to her age as a part of her family history. On this question appellant cites us to the case of Danley v. State, 71 S. W. Rep., 959. We there held that a witness could not be permitted to tell what the brother of prosecutrix said her age was, unless it was further shown that the brother was dead, since hearsay evidence is only admissible to prove age when based upon information derived from deceased relatives of the party in question, or from his family history or from declarations of deceased relatives. It follows, therefore, that the court did not err in not admitting this testimony.

Appellant complains that the court erred in refusing his application for continuance. Under the explanation of the court to the bill we do not think there was any error in the action of the court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Rehearing denied June 23, 1909.—Reporter.]