## VAUGHN v. STATE.

(Court of Criminal Appeals of Texas. April 5, 1911. Rehearing Denied April 26, 1911.)

1. RAPE (§ 35*)—FORCE AS ELEMENT.

It is not necessary, in a statutory rape case under an indictment which charged that the defendant "did then and there ravish and have carnal knowledge" of the prosecutrix, to show force.

[Ed. Note.—For other cases, see Rape, Cent. Dig. § 43; Dec. Dig. § 35.*]

2. CRIMINAL LAW (§ 421*)—DECLARATIONS AS TO PEDIGREE—HEARSAY EVIDENCE.

It is not hearsay for a child to testify as to her age, where she received her knowledge from her mother.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 978; Dec. Dig. § 421.*]

3. WITNESSES (§ 37*)—KNOWLEDGE OF WITNESS—TESTIMONY AS TO AGE.

It was not error to allow the mother of the prosecutrix in a statutory rape case to testify that her daughter was under the age of consent, where she did not know the year in which the daughter was born, but stated that she had kept track of the daughter's age by adding a year each birthday, and that the date of her birth was in a record kept at home.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 80; Dec. Dig. § 37.*]

4. CRIMINAL LAW (§ 957*)—NEW TRIAL—AFFIDAVIT OF JUROR.

An affidavit of a juror that he would likely have voted to acquit the defendant, had not the foreman and other jurors told him that the defendant could try for a new trial, and then have the right of appeal, which he thought would eventually amount to an acquittal, is no ground for a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2392–2395; Dec. Dig. § 957.*]

5. CRIMINAL LAW (§ 698*)—EVIDENCE—PROSECUTION FOR RAPE—EXHIBITION OF CHILD—FAILURE TO OBJECT.

In a statutory rape case, where there was no objection to the prosecutrix having her baby with her on the stand, it was proper for the jurors to consider the resemblance between the baby and the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1651; Dec. Dig. § 698.*]

6. CRIMINAL LAW (§ 945*) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — PROBABLE EFFECT.

In a prosecution for statutory rape, it is no ground for new trial that prosecutrix before the grand jury testified "that the offense was committed while she was asleep, and that she did not know anything about it until it was all over, when she was awakened by the defendant, who told her not to say anything about it," as that evidence would tend to show that defendant had intercourse with the prosecutrix.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 945.*]

7. CRIMINAL LAW (§ 958*)—NEW TRIAL—AFFIDAVITS—NEWLY DISCOVERED EVIDENCE.

An affidavit as to new evidence on application for a new trial as to what a member of the grand jury told affiant is not proof of the record, and is hearsay.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 958.*]

8. CRIMINAL LAW (§ 958*)—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

In a statutory rape case, an affidavit by a witness that another witness would testify that prosecutrix was over the age of consent affords no ground for a new trial for newly discovered evidence, where the second witness was not produced when the motion for new trial was heard, nor her affidavit attached to the record; the mere hearsay affidavit of the first witness not bringing it within the rule of newly discovered evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2401; Dec. Dig. § 958.*]

Appeal from District Court, Madison County; S. W. Dean, Judge.

Albert Vaughn was convicted of rape upon a girl under 15 years of age, and appeals. Affirmed.

Toler & Wood and Randolph & Randolph, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of rape upon a girl under 15 years of age; his punishment being assessed at five years confinement in the penitentiary.

1. The indictment was attacked in a motion in arrest of judgment. The indictment is in stereotyped form, such as has been held sufficient to charge the offense, and we deem it unnecessary to discuss its validity.

[1] 2. Appellant requested the court to instruct the jury to acquit, upon the theory that it was necessary to prove force under the allegation in the indictment that the defendant "did then and there ravish and have carnal knowledge" of prosecutrix. This contention is not well taken. While in a certain way the allegation "did ravish" carries with it the idea of the element of force, yet this character of indictment has been held sufficient to charge the offense on a girl under 15 years of age without requiring proof of force, or a charge upon the theory of force.

[2] 3. A bill of exception recites that Zadie Mason, the prosecutrix, testified that she was under 15 years of age at the time of the

alleged rape, and further' stated that such knowledge was based ·upon information received from her mother. Objection was urged to this on the ground that it was hearsay. This character of evidence does not come within the doctrine of hearsay. Age, pedigree, and matters of that sort are provable in the manner indicated in the bill of exceptions.

[3] 4. Another bill was reserved, to the testimony of Mrs. Mason, mother of the alleged prosecutrix, who testified that her daughter, Zadie Mason, was under 15 years of age at the time of the alleged commission of the offense, but that she could not remember the year of the birth of her daughter, but that she had a record of her birth at home. Objection was urged to this testimony on the ground that it was secondary evidence, and that the record containing the date of the birth was the best evidence and should be offered. This bill is qualified as follows: "The mother of the prosecutrix testified positively as to her daughter's age, and gave the month and day of her birth, but could not give the year. She, however, testified that she had kept up with her age, adding one year on each birthday, and knew her age. She did not testify from the record she had, but from her own knowledge." As this bill is qualified by the trial judge, we are of opinion same does not show error.

[4] 5. Appended to the motion for a new trial is the affidavit of Vernon Jones, who was a member of the jury trying appellant, who stated that he was for some time in favor of an acquittal, and would likely have remained in that condition of mind, had it not been for the fact that John T. Park, foreman, and other members, told him that the defendant could try for a new trial, and then have the right of appeal also, which he thought would eventually amount to an acquittal. Affidavits of this character are not permissible as a means of attacking the verdict of the jury. A juror is not permitted to attack his verdict in this manner. This affidavit stands alone, and is not supported by any of the other jurors; but, in any event, this character of affidavit is not receivable to set aside the verdict.

[5] 6. The affidavit of T. B. Waldrip was attached to the motion for new trial, stating that he was a member of the jury which tried appellant, and that after the jury had retired to consider their verdict, and during its deliberations, some member of the jury, whose name he did not recall, suggested that the baby or child of the prosecutrix which was on exhibition before the jury during the trial resembled or favored the defendant, and that after such suggestion it became the consensus of opinion of the jury that defendant was the father of the child, and that such determination or fact so concluded convinced him and the rest of the jury that the defendant had had carnal intercourse with the prosecutrix. This affidavit excludes any error on the part of the jury, as we understand the statement, injurious to appellant. If the child was on exhibition before the jury, it was proper subject of discussion among the jurors. There was no objection, so far as this record is concerned, to the exhibition of the child, and it went before the jury for whatever it was worth.

[6] 7. Another affidavit signed by Mr. Randolph states that on the morning of the 26th of October, 1910, he was engaged in conversation over the telephone with H. A. Turner of Midway, Tex.; that during said conversation the said H. A. Turner told him that he was foreman of the grand jury at the time the bill of indictment against appellant was returned, and that prosecutrix testified before that body that at the time the alleged offense was committed she was asleep, and did not know anything about it until it was all over, when she was awakened by the defendant, who told her not to say anything about it; that is, he says, is the substance and meaning of the conversation. We do not understand how this could be of service to the appellant. If, as a matter of fact, she was asleep, and appellant had intercourse with her while she was asleep, it certainly would prove the fact that he had penetrated her and had intercourse with her.

[7] The affidavit of Mr. Turner is not proof of the record. The matter is hearsay as presented.

[8] 8. Another affidavit attached to the motion for new trial was made by Jim Vaughn, who says that on the morning of the 27th of October, 1910, he had a conversation with Mrs. Fannie Dorman at her home in Madison county, and that the said Mrs. Fannie Dorman told him that she would testify that Zadie Mason, prosecutrix, was more than 15 years of age prior to June 1, 1909; that her son, Spencer Dorman, was born November 25, 1894, and while her said son was a mere baby, and had not reached the age when he could walk, she and her husband moved to J. R. Hightower's place north of · Madisonville and went into the house vacated shortly before that by Zadie Mason's parents, and that at this time Zadie Mason had reached the age when she was able to walk and run about. This does not come within the rule of newly discovered evidence in such manner that it can be considered. Mrs. Dorman was not produced nor offered on the trial of the motion for a new trial, nor is her affidavit attached. The statements in the affidavit are purely hearsay. If in fact Mrs. Dorman knew the age of the girl to be over 15 years at the time of the alleged rape, she ought to have been produced, or at least there ought to have been sufficient diligence to secure this fact before the court by affidavit or the production of Mrs. Dorman herself. The mere hear-

say statement of Jim Vaughn does not bring it within the rule of newly discovered evidence.

9. The question of the sufficiency of the evidence to support the conviction was an issue, and a matter to be decided by the jury. If the evidence for the state can be relied upon, the case is sufficiently made out. This was denied by appellant, and supported by his wife, but the jury believed the state's evidence and discarded that for the appellant. Under such circumstances this court would not feel justified in setting aside the conviction.

The judgment is affirmed.