### Will Lott v. The State.

No. 1661. Decided April 3, 1912.

Rehearing Denied May 1, 1912.

1.—Rape—Sufficiency of the Evidence.

Where, upon trial of rape, the evidence sustained the conviction, there was no error.

2.—Same—Evidence—Age of Prosecutrix—Bible—Cross-Examination.

Where, upon trial of rape, the defendant, on cross-examination of prosecutrix, brought out the fact that the witness fixed her age from what she had seen in the family Bible, which was left at home, there was no error in overruling defendant's objection that the Bible itself was the best evidence.

### 4.—Same—Evidence—Scholastic Census—Defendant's Admission.

Upon trial of rape, there was no error in admitting testimony that the witness knew the age of prosecutrix from what the family Bible said, and also, stating the date of her birth, these matters having been drawn out by the defendant.

### 4.—Same—Evidence—Scholastic Census—Defendant's Admission.

Where, upon trial of rape, defendant in his testimony in effect admitted that he had signed a certain statement contained in the scholastic census, there was no error in introducing this statement in which defendant stated the age of the prosecutrix.

### 5.—Same—Evidence—Other Acts of Sexual Intercourse.

Upon trial of rape upon a female under the age of consent, there was no error in admitting in evidence other acts of sexual intercourse between defendant and prosecutrix prior to the date alleged in the indictment.    Following Battles v. State, 63 Texas Crim. Rep., 147, and other cases.

### 6.—Same—Imputing Crime to Another—Evidence—Child.

Where, upon trial of rape, the defendant attempted to show that the pregnancy of prosecutrix was caused by another, there was no error in cross-examination to show that the defendant was the cause of prosecutrix' pregnancy.

### 7.—Same—Charge of Court—Article 723, Code Criminal Procedure.

Where, upon trial of rape, the court properly limited the testimony as to other acts of sexual intercourse to the question of corroboration, and submitted the reasonable doubt, etc., and there was no injury shown, there was no error under Article 723, Code Criminal Procedure.

Appeal from the District Court of Bosque.    Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Odell & Johnson* and *J. P. Word,* for appellant.—On question of other acts of intercourse:  Smith v. State, 68 S. W. Rep., 995.

On question of court's charge on reasonable doubt:  Massey v. State, 1 Texas Crim. App., 563.

*C. E. Lane,* Assistant Attorney-General, and *Cureton & Cureton,* for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—On September 14, 1910, the grand jury of Bosque County indicted the appellant for rape upon his sister-in-law, Katie Davis, alleged to have been committed on September 23, 1909.    He was convicted and his punishment fixed at five years in the penitentiary.

It is unnecessary to state the evidence.    It was amply sufficient to sustain the conviction.    The girl testified positively that the appellant committed rape upon her on the date charged and was corroborated by the testimony of various witnesses as to circumstances and facts connected therewith.    The appellant testified and denied having any sexual intercourse with the girl at any time.    This all was for the jury.

The appellant has some bills of exceptions, among them one showing that Katy Davis, the prosecutrix, was asked by the State her age and stated, "I was sixteen years old on the 18th day of last October" (October, 1910). Appellant objected to this because it was hearsay and her opinion and conclusion. Upon cross-examination by appellant she testified that all she knew about her age was what she had heard and seen in the bible; that the bible was at home and that her father who lived in Hall County, had it; that she had seen her age in the bible about three years ago and that at that time she saw her father copying the ages from the old to a new bible and that she saw her age in both, and that they were the same. The record shows that upon this cross-examination, drawn out by appellant himself, an objection was made in effect, because it was a statement of the contents of a written instrument, the bible, which would have been the best evidence. The court in allowing the bill, stated that the testimony was given on cross-examination in answer to appellant on questions and was not given in answer to any questions by the State.

Another one of the bills shows that her brother, Lee Davis, was asked if he knew when she was born and he replied that he did; that he knew it from what the bible said, and in connection with the family history and the family record, and testified she was born on October 18, 1894, and that he was born on October 18, 1890. The same character of objection was made to this as to Katie Davis' testimony and the court qualified it the same as to her testimony. Substantially the same thing occurred when another brother of the prosecuting witness, Ernest Davis, testified, except that he testified that he knew of the date of her birth independent of the bible or any other record in the bible, and gave the date of the birth as above, October 18, 1894.

The State then proved by the scholastic census taker of Bosque County that on May 16, 1910, the appellant, as parent or guardian of Katie Davis, with whom she was then and for some year or more had been living, gave to the census taker her age and the date of her birth and had signed that statement which was proven up and not disputed by him. The State produced, and introduced in evidence this statement, by which it is shown that appellant stated her age at that time was fifteen years and the date of her birth was October 26, 1894. Appellant objected to the introduction of this signed statement by him, because it was secondary and hearsay and inadmissible for any purpose and made subsequent to the alleged offense. Appellant himself testified and in effect admitted that he had signed the said census statement and had stated her age and birth as therein given, but that he got the information from his wife and that he told the census taker at the time that he did not know exactly and what he knew about it was just hearsay.

The testimony of the witness objected to was clearly admissible. Curry v. State, 50 Texas Crim. Rep., 158. Besides, no injury could have occurred to appellant when it is shown, by both his testimony

and the testimony of other witnesses, that he had stated her age and the date of her birth and admitted on the stand that he had done so.

By another bill appellant complains that the court erred in permitting the State to prove other acts of intercourse by the appellant with the prosecutrix prior to September 23, 1909. There was no error in this. The court in its charge and, as shown by the bill, specifically instructed the jury that they were trying the defendant on the alleged act of rape on September 23, 1909, and that other acts, if any, were introduced solely to corroborate, if they did, the prosecuting witness as to the alleged act of September 23, 1909, and that they would not consider such evidence for any other purpose. Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783; Smith v. State, 64 Texas Crim. Rep., 454, 142 S. W. Rep., 1173.

After the prosecutrix had testified to sexual intercourse with her by appellant on September 23, 1909, and also prior acts of intercourse all of which she testified was without her consent and substantially by the command and force of the appellant, on cross-examination of her, as shown by the bill and the qualification thereof by the judge, appellant's counsel had given her a long cross-examination attempting to show that her brother Ernest was too intimate with her, and in said cross-examination, he showed that her menses stopped some time in the spring of 1910; and by his cross-examination of her attempted to show that her pregnancy was caused by her said brother and not by appellant. His contention in the lower court and in this all the time was that he was not the author of her ruin but that her brother Ernest was, and his whole cross-examination was an attempt, not only by this witness, but by the others, to show this. The State in its direct examination of her had asked her no question about her pregnancy, or the subsequent birth of a child to her, but had confined all of the testimony theretofore to the act charged on September 23, 1909, and prior acts. After this cross-examination the court permitted the State, on redirect examination of her, to prove by her that appellant was the man who caused her menses to stop and caused her pregnancy. Then on recross-examination the appellant asked her and she stated that she was confined on September 9, 1910. Under the circumstances, as shown, the State was correctly permitted on redirect examination, as it did, to show who caused her pregnancy and there is no error shown on this subject.

There are no other questions raised necessary to discuss, except appellant's complaints of the charge of the court. We regard these as hypercritical. One objection is to the words in parentheses "on the motion of the defendant" in that paragraph of the court's charge wherein he tells them: "You are instructed that (on motion of the defendant) the State has elected to try the defendant on the transaction alleged to have occurred on the 23d day of September, 1909, and the other acts, if any has been shown, were introduced on the issue as to whether such other acts, if any, do or do not tend to corroborate

the prosecuting witness, Miss Katie Davis, and as to whether they do not you are the sole and exclusive judges, but you are instructed that such other prior acts, if any, can not be considered by you for any other purpose."

The other objection of appellant is to this paragraph of the court's charge:

"If you believe from the evidence that the defendant did not have sexual intercourse with the prosecuting witness, Katie Davis, as charged in the indictment, or if you have a reasonable doubt as to whether he did or not, you will find the defendant not guilty and so say by your verdict." This charge is clearly in appellant's favor and not against him. If it had been construed literally by the jury, they would have been compelled thereby to have found a verdict of not guilty, because the effect of it was that if they believed from the evidence that the defendant did not have sexual intercourse with the prosecuting witness, or if they had a reasonable doubt as to whether he did or not, to find him not guilty.

Clearly the jury were not misled to appellant's injury in either of the charges complained of by appellant, as stated above, and under article 723, Code Criminal Procedure (old), this court is prohibited from reversing the judgment on that account. Besides, on the criticism of the latter paragraph of the charge above stated, the court, in a separate paragraph, charged the jury as follows: "The burden of proof is upon the State throughout the entire case and the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if you have a reasonable doubt of his guilt you will find him not guilty." The judgment will be affirmed.

*Affirmed.*

[Rehearing denied May 1, 1912.—Reporter.]