MIRELES v. STATE. (No. 4579.)

(Court of Criminal Appeals of Texas. Jan. 23, 1918. On Motion for Rehearing, June 26, 1918.)

1. CRIMINAL LAW ⟐⟐938(1)—NEW TRIAL — GROUNDS—NEWLY DISCOVERED EVIDENCE.

A defendant is entitled to a new trial, on the ground of newly discovered evidence, if, in the light of the evidence itself on the trial, the absent testimony set out in the application for a continuance was material and probably true.

2. CRIMINAL LAW ⟐⟐945(2)—NEW TRIAL— GROUNDS.

In a prosecution for statutory rape, it was error to refuse a new trial, applied for on the ground that defendant had discovered that records disclosing the girl's age to be more than 15 years existed in Mexico.

3. CRIMINAL LAW ⟐⟐429(1)—EVIDENCE—AD-MISSIBILITY—CENSUS REPORTS.

Census reports are admissible as original evidence of facts which under the law are required to be recorded.

4. WITNESSES ⟐⟐392(1)—EVIDENCE—CENSUS REPORTS.

In a prosecution for statutory rape, census reports showing the girl's age were admissible as contradictory statements of the state's witnesses.

5. CRIMINAL LAW ⟐⟐421(3) — EVIDENCE — AGE.

In a prosecution for statutory rape, evidence by prosecuting witness that her mother two years before told her age, and from such fact she knew her age to be under fifteen, was admissible.

Appeal from District Court, Brooks County; V. W. Taylor, Judge.

Juan Mireles was convicted of statutory rape, and he appeals. Reversed and remanded.

Jno. C. North, of Corpus Christi, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. The appeal is from a conviction for statutory rape and punishment fixed at confinement in the penitentiary for a period of 5 years.

The application for continuance, based upon the absence of knowledge of witnesses by whom the age of the female named in the indictment might be proved and the belief that the fact that she was over 15 years of age could be established by delay, was not followed by any verification of the motion for new trial or the accuracy of the information or belief upon which the motion is founded. The bill alleging misconduct of the jury, in view of the court's qualification that it was not supported by proof, does not present error. The assignment in the motion for new trial and in the bill of exception mentioned charging misconduct of the jury was one, we think, that the court was not required to hear evidence upon for the reason that it was too general, and, further, was a character of alleged misconduct inquiry into which is prohibited by public policy; namely, the use made by the jury of evidence legitimately before it. Turner v. State, 61

Tex. Cr. R. 103, 133 S. W. 1052; Watson v. State, 199 S. W. 1098, recently decided; Jack v. State, 20 Tex. App. 656; Morrison v. State, 39 Tex. Cr. R. 523, 47 S. W. 369; Black v. State, 41 Tex. Cr. R. 187, 53 S. W. 116; Kannmacher v. State, 51 Tex. Cr. R. 122, 101 S. W. 238.

The sufficiency of the proof of the age of the female named in the indictment is challenged. It is conflicting, and the conclusion that the age of the girl is not shown to be under 15 years could well have been reached; but, deferring to the rule of law which makes the solution by the jury of controverted questions of fact binding upon the courts where there has been no error in the conduct of the trial, we are constrained to overrule the assignment complaining of the sufficiency of the evidence.

The injured party testified to her age as under 15 years at the time of the offense, declaring that she testified from knowledge derived from her mother. This character of testimony has been received and given weight in numerous instances. Boyd v. State, 72 Tex. Cr. R. 521, 163 S. W. 69; Lott v. State, 66 Tex. Cr. R. 152, 146 S. W. 544; Knowles v. State, 44 Tex. Cr. R. 324, 72 S. W. 398; Sheppard v. State, 56 Tex. Cr. R. 605, 120 S. W. 446; Vaughn v. State, 62 Tex. Cr. R. 26, 136 S. W. 476. The girl's mother testified to her age, though she was unable to state the year of her birth. She did state, however, the day of the month. Similar testimony was relied upon in Vaugh v. State, 62 Tex. Cr. R. 26, 136 S. W. 476. There were census returns introduced in evidence contradicting or tending to contradict the testimony as to the age of the injured female. One of these reports, signed by the father of the injured party, contained a schedule of the ages of his children which would have made his daughter, the person named in the indictment, more than 15 years at the time of the offense. There were also some contradictory statements by the injured female herself tending to impeach her testimony as to her age. The parties appear to have been unfamiliar with the English language and lacking in education, and an effort was made on the part of the state to explain the discrepancy on these grounds. The evidence of the mother of the injured party, in spite of the contradictions and effort to impeach, having been accepted by the jury as true, and their finding having been approved by the trial judge, we feel indisposed to disregard their conclusions.

The judgment of the lower court is affirmed.

On Motion for Rehearing.

The indictment was filed April 11, 1917, and the trial begun April 16, 1917. In appellant's application for a continuance it is shown that he was arrested late in the eve-

ning of the 11th of April, and had been in jail up to the time of the trial, and that he had a defense for the prosecution in that prosecutrix was above the age of 15 years at the time of the commission of the alleged offense; that the time since his arrest had been insufficient to prepare for trial; that his information was that prosecutrix was born in the city of Mier, republic of Mexico, and that under the laws of that republic there was required to be filed in said city a certificate showing the date of the birth which, by a continuance of the cause, could be obtained, and by which he expected to show that the date of the birth of prosecutrix was more than 15 years prior to the date of the offense.

[1, 2] In writing the original opinion we took the view that this was an equitable application for a continuance, and that in the absence of supporting testimony on the motion for new trial it failed to show a reason for reversal. On re-examination of the record our attention is directed to the fact that adjournment of the court took place on the 18th day of April, one day after the verdict was returned. The time intervening between the overruling of the application and adjournment of the court was so short that we believe we would not be authorized to hold that appellant was lacking in diligence in failing to have, at the time the motion for new trial was presented, a verification of his claim that the record in the city of Mier would support his theory that the age of the prosecutrix was more than 15 years at the time the offense was committed. Under the circumstances shown by the record we believe it was appellant's right to have the rules of law defined in White's C. C. P. p. 412, note 3, applied to his case; that is, that he would be entitled to a new trial if, in the light of the evidence itself upon the trial, the absent testimony set out in the application for a continuance was material and probably true. Its materiality is obvious. There is much in the evidence suggesting the probable truth of the absent testimony. The prosecutrix testified.

"I was born in the republic of Mexico. I don't know what year. My mother doesn't know what year I was born in. My father didn't tell me and doesn't know."

She said:

"I am 15 years old; in my sixteenth year. I know this because my mother told me so. I will be 16 on the 18th day of September next."

The offense is charged to have taken place on the 15th day of June, 1916. Prosecutrix gave birth to a child on the 15th of March, 1917. Dr. Strayborn testified that he prescribed for the prosecutrix in November, 1916, and she told him her age was 18 years. This she denied. Her mother testified that prosecutrix was in her sixteenth year; that she was born in Mier, Mexico. The witness said she was the mother of seven children, five of whom were living; that she was un-

able to give the year of birth of any of them, though she could give the day of the month on which each of them was born. She also said she was unable to state the exact age of any of them except the prosecutrix. On her cross-examination there was exhibited a school census report, which was also introduced in evidence. This report appeared to have been signed by her making her mark and sworn to before F. C. Rachal, census trustee, who testified that the mother of prosecutrix gave him the statement and made affidavit to it. It bore date of March 27, 1916, and purported to list the members of her family within the scholastic age, giving a daughter Salome, born July 22, 1901, a daughter Francisca, born August 25, 1909, and Andres, a son, born February 4, 1904. This list did not contain the name of the prosecutrix. Its absence was explained by her mother with the statement that the prosecutrix told the census trustee she did not want to be listed as she did not want to go to an American school. She claimed that she could not read, and that her husband could read but little, and did not know the ages of their children. Another census report, signed by the mother of prosecutrix, like the one last described, listed three children only, giving the dates of their birth as 1904, 1909, and 1906, and was made March 26, 1917. The prosecutrix was not named. Another census report, signed by the father of prosecutrix, and sworn to by him on the 7th of May, 1914, showed the three children named in the census report mentioned as born in 1902, 1904, 1907, and also listed the prosecutrix as born September 18, 1899, giving her age as 15 years, sworn to on the 7th of May, 1914. The father of prosecutrix did not testify.

[3, 4] Census reports, it seems, are treated as original evidence of facts which, under the law are required to be recorded. See Wharton, Crim. Ev. § 310k, vol. 2, p. 604, and note. Whether this is the rule or not, those in this case were admissible as contradictory statements of the state's witness. On the subject see, also, Lott v. State, 66 Tex. Cr. R. 152, 146 S. W. 544.

[5] From this statement of the evidence of age it is apparent that the evidence that the prosecutrix was under 15 years of age at the time the offense was committed rested entirely upon the recollection of the mother of prosecutrix. The girl testified that her mother some 2 years before told her her age, and that from that fact she knew her age to be under 15 years. This was admissible. Curry v. State, 50 Tex. Cr. R. 159, 94 S. W. 1058; Johnson v. State, 42 Tex. Cr. R. 298, 59 S. W. 898. Still in testing the question involved, namely, the probable truth of the absent testimony set out in the application for a continuance, it appears that the state's case rested alone upon the memory of the mother of prosecutrix, and that the accuracy of her recollection was rendered doubtful by the

conflict between it and the various census reports which purported to have come from her, and was also in conflict with the census report signed and sworn to by the father of the prosecutrix, and with the alleged statement of the prosecutrix made to the doctor.

The uncertainty of the evidence touching the age of the prosecutrix is such that we believe we were wrong in holding that the trial court was justified in overruling the motion for a new trial, based on a refusal of the application for a continuance, for which reason the order affirming the judgment is set aside, and the judgment of the lower court is reversed and remanded.