JUAN MIRELES V. THE STATE.

No. 4579. Decided June 23, 1918.

Rehearing granted June 26, 1918.

1.—Rape—Misconduct of Jury—Public Policy.

The bill of exceptions alleging misconduct of the jury, in view of the court's qualification that it was not supported by proof, does not present reversible error. Besides, the use made by the jury of evidence legitimately before it can not be inquired into as a matter of public policy. Following Turner v. State, 61 Texas Crim. Rep., 97, and other cases.

2.—Same—Age of Prosecutrix—Sufficiency of the Evidence.

Where, upon trial of rape upon a female under the age of consent, the evidence as to the age of prosecutrix was conflicting, yet sufficient to sustain the conviction, there was no reversible error on that ground.

3.—Same—Continuance—Diligence—Motion for New Trial.

Where, upon trial of rape upon a female under the age of consent, defendant's application for continuance was overruled, and it appeared from the record on appeal in the defendant's motion for a new trial that the time intervening between the overruling of the application and adjournment of the court was so short that the defendant could not procure a verification of his claim that the records as to age of prosecutrix in Mexico would support his theory of defense, a new trial should have been granted.

4.—Same—Census Reports—Original Evidence—Rebuttal.

Census reports are treated as original evidence of facts, which under the law are required to be recorded, at any event the census reports in the instant case were admissible as rebuttal testimony. Following Lott v. State, 66 Texas Crim. Rep., 152, 146 S. W. Rep., 544.

Appeal from the District Court of Brooks. Tried below before the Hon. G. W. Taylor.

Appeal from a conviction of rape; penalty, five years confinement in the penitentiary.

The opinion states the case.

*John C. North,* for appellant.—On question of insufficiency of the evidence: Tiers v. State, 2 Texas Crim. App., 244; Mason v. State, 29 id., 24; Newberry v. State, 32 Texas Crim. Rep., 145.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appeal is from a conviction for statutory rape and punishment fixed at confinement in the penitentiary for a period of five years.

The application for continuance, based upon the absence of knowledge of witnesses by whom the age of the female named in the indictment might be proved and the belief that the fact that she was over fifteen years of age could be established by delay, was not followed by any verification of the motion for new trial or the accuracy of the information or belief upon which the motion is founded.

The bill alleging misconduct of the jury in view of the court's qualification that it was not supported by proof does not present error. The assignment in the motion for new trial and in the bill of exception mentioned charging misconduct of the jury was one, we think, that the court was not required to hear evidence upon for the reason that it was too general, and further, was a character of alleged misconduct inquiry into which is prohibited by public policy, namely, the use made by the jury of evidence legitimately before it. Turner v. State, 61 Texas Crim. Rep., 97; Watson v. State, recently decided; Jack v. State, 20 Texas Crim. App., 656; Morrison v. State, 39 Texas Crim. Rep., 519; Black v. State, 41 Texas Crim. Rep., 185; Kannmacher v. State, 51 Texas Crim. Rep., 118.

The sufficiency of the proof of the age of the female named in the indictment is challenged. It is conflicting and the conclusion that the age of the girl is not shown to be under fifteen years could well have been reached; but deferring to the rule of law which makes the solution by the jury of controverted questions of fact binding upon the courts where there has been no error in the conduct of the trial, we are constrained to overrule the assignment complaining of the sufficiency of the evidence.

The injured party testified to her age as under fifteen years at the time of the offense, declaring that she testified from knowledge derived from her mother. This character of testimony has been received and given weight in numerous instances. Boyd v. State, 72 Texas Crim. Rep., 521, 163 S. W. Rep., 67; Lott v. State, 66 Texas Crim. Rep., 152, 146 S. W. Rep., 544; Knowles v. State, 44 Texas Crim. Rep., 322; Sheppard v. State, 56 Texas Crim. Rep., 604; Vaughn v. State, 62 Texas Crim. Rep., 24. The girl's mother testified to her age, though she was unable to state the year of her birth. She did state, however, the day of the month. Similar testimony was relied upon in Vaughn v. State, 62 Texas Crim. Rep., 24. There were census returns introduced in evidence contradicting or tending to contradict the testimony as to the age of the injured female. One of these reports signed by the father of the injured party contained a schedule of the ages of his children which would have made his daughter, the person named in the

indictment, more than fifteen years at the time of the offense. There were also some contradictory statements by the injured female herself tending to impeach her testimony as to her age. The parties appear to have been unfamiliar with the English language and lacking in education, and an effort was made on the part of the State to explain the discrepancy on these grounds. The evidence of the mother of the injured party, in spite of the contradictions and effort to impeach, having been accepted by the jury as true and their finding having been approved by the trial judge, we feel indisposed to disregard their conclusions.

The judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

June 26, 1918.

MORROW, Judge.—The indictment was filed April 11, 1917, and the trial begun April 16, 1917. In appellant's application for a continuance it is shown that he was arrested late in the evening of the 11th of April, and had been in jail up to the time of the trial, and that he had a defense for the prosecution in that prosecutrix was above the age of fifteen years at the time of the commission of the alleged offense. That the time since his arrest had been insufficient to prepare for trial; that his information was that prosecutrix was born in the City of Mier, Republic of Mexico, and that under the laws of that Republic there was required to be filed in said city a certificate showing the date of the birth which, by a continuance of the cause, could be obtained, and by which he expected to show that the date of the birth of prosecutrix was more than fifteen years prior to the date of the offense.

In writing the original opinion we took the view that this was an equitable application for a continuance, and that in the absence of supporting testimony on the motion for new trial it failed to show a reason for reversal. On re-examination of the record our attention is directed to the fact that adjournment of the court took place on the 18th day of April, one day after the verdict was returned. The time intervening between the overruling of the application and adjournment of the court was so short that we believe we would not be authorized to hold that appellant was lacking in diligence in failing to have, at the time the motion for new trial was presented, a verification of his claim that the record in the City of Mier would support his theory that the age of the prosecutrix was more than fifteen years at the time the offense was committed. Under the circumstances shown by the record we believe it was appellant's right to have the rules of law defined in White's C. C. P., p. 412, note 3, applied to his case; that is, that he would be entitled to a new trial if, in the light of the evidence itself upon the trial, the absent testimony set out in the application for a continuance was material and probably true. Its materiality is obvious.

There is much in the evidence suggesting the probable truth of the absent testimony. The prosecutrix testified: "I was born in the Republic of Mexico. I don't know what year. My mother doesn't know what year I was born in. My father didn't tell me and doesn't know." She said: "I am fifteen years old, in my sixteenth year. I know this because my mother told me so. I will be sixteen on the 18th day of September next." The offense is charged to have taken place on the 15th day of June, 1916. Prosecutrix gave birth to a child on the 15th of March, 1917. Dr. Strayborn testified that he prescribed for the prosecutrix in November, 1916, and she told him her age was eighteen years. This she denied. Her mother testified that prosecutrix was in her sixteenth year; that she was born in Mier, Mexico. The witness said she was the mother of seven children, five of whom were living; that she was unable to give the year of birth of any of them, though she could give the day of the month on which each of them was born. She also said she was unable to state the exact age of any of them except the prosecutrix. On her cross-examination there was exhibited a school census report, which was also introduced in evidence. This report appeared to have been signed by her making her mark and sworn to before F. C. Rachal, census trustee, who testified that the mother of prosecutrix gave him the statement and made affidavit to it. It bore the date of March 27, 1916, and purported to list the members of her family within the scholastic age, giving a daughter, Salome, born July 22, 1901; a daughter, Francisca, born August 25, 1909, and Andres, a son, born February 4, 1904. This list did not contain the name of the prosecutrix. Its absence was explained by her mother with the statement that the prosecutrix told the census trustee she did not want to be listed as she did not want to go to an American school. She claimed that she could not read, and that her husband could read but little, and did not know the ages of their children. Another census report, signed by the mother of prosecutrix, like the one last described, listed three children only, giving the dates of their birth as 1904, 1909, and 1906, and was made March 26, 1917. The prosecutrix was not named. Another census report, signed by the father of prosecutrix, and sworn to by him on the 7th of May, 1914, showed the three children named in the census report mentioned as born in 1902, 1904, and 1907, and also listed the prosecutrix as born September 18, 1899, giving her age as fifteen years, sworn to on the 7th of May, 1914. The father of prosecutrix did not testify.

Census reports, it seems, are treated as original evidence of facts which, under the law, are required to be recorded. See Wharton, Crim. Ev., sec. 310k, vol. 2, p. 604, and note. Whether this is the rule or not, those in this case were admissible as contradictory statements of the State's witness. On the subject see also Lott v. State, 66 Texas Crim. Rep., 156, 146 S. W. Rep., 544.

From this statement of the evidence of age it is apparent that the evidence that the prosecutrix was under fifteen years of age at the

time the offense was committed rested entirely upon the recollection of the mother of prosecutrix. The girl testified that her mother some two years before told her her age, and that from that fact she knew her age to be under fifteen years. This was admissible. Curry v. State, 50 Texas Crim. Rep., 158; Johnson v. State, 42 Texas Crim. Rep., 298. Still in testing the question involved, namely, the probable truth of the absent testimony set out in the application for a continuance it appears that the State's case rested alone upon the memory of the mother of prosecutrix, and that the accuracy of her recollection was rendered doubtful by the conflict between it and the various census reports which purported to have come from her, and was also in conflict with the census report signed and sworn to by the father of the prosecutrix, and with the alleged statement of the prosecutrix made to the doctor.

The uncertainty of the evidence touching the age of the prosecutrix is such that we believe we were wrong in holding that the trial court was justified in overruling the motion for a new trial, based on a refusal of the application for a continuance, for which reason the order affirming the judgment is set aside, and the judgment of the lower court is reversed and remanded.

                                        *Reversed and remanded.*