## Rosa Huell v. The State.

### No. 6594. Decided January 18, 1922.

**Burglary—Juvenile—Age of Defendant.**

Where, upon appeal from a conviction of burglary, the record on appeal showed that the evidence presented an issue of fact touching the age of appellant, and the solution of the issue by the trial court upon the conflicting testimony is conclusive on appeal, there is no reversible error. Following Mirales v. State, 83 Texas Crim. Rep., 608, and other cases.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. R. Rowe,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for burglary; punishment fixed at confinement in the penitentiary for a period of two years.

The appellant claimed that she was a juvenile under eighteen years of age. She testified that March 17, 1905 was the date of her birth; that she married on December 24, 1917; that her mother died when appellant was six years of age; that at the time of her marriage ap-

pellant was twelve or thirteen years old. Her life had been spent in the village of Onalaska. She quit school while in the sixth grade, about one year before her marriage. Appellant is a negress. Her father was unable to give any dates, but said that, to the best of his knowledge, she was in her seventeenth year; that her mother had been dead for about ten years, and that at the time of her death, appellant was going on her sixth year, so her mother said. The witness could neither read nor write. He had listed her age with the school census enumerator from the best information that he possessed. The school census for 1912 gave her age as eight years, and the date of her birth as 1904; the school census made in May, 1911, gave the date of her birth in March, 1904, and age at seven years; and the school census for 1909, while listing the other children of the family, omitted her name.

The sheriff of the county had lived in the village eight or nine years, and had known her since 1906, at which time she was a child, apparently four or five years of age.

Gore, another witness, testified that he had known appellant for fifteen or sixteen years; that when he first saw her, she was large enough to accompany her mother, who did the washing for the witness; that at that time appellant appeared to be about three or four years of age.

We are impressed with the view that the evidence presents an issue of fact touching the age of appellant, and that the solution of the issue by the trial court upon the conflicting testimony is conclusive on appeal. The census reports are not conclusive. See Mireles v. State, 83 Texas Crim. Rep., 608, and cases cited therein. Whether they were in the instant case original evidence may be questionable. Wharton's Crim. Evidence, sec. 310K, vol. 2, p. 604. They seem to have been received as corroborative of the declarations of the father of appellant. As we understand the case, their accuracy depended upon his knowledge of the age of his daughter. Upon this he was confessedly uncertain at the time of the trial and possessed at the time he gave the information, upon which the census reports were based, no more definite knowledge. Some of these reports touching upon the date of the birth of appellant are in conflict with her testimony upon the same subject, and upon the whole, the matter turns upon a question of fact which it was the province of the trial judge to determine.

The judgment is affirmed.

.  -  *Affirmed.*  .