# TYLER TERM, 1895.

---

### BOOMER LAWRENCE v. THE STATE.

*No. 764.   Decided October 16th, 1895.*

**1.   Bill of Exceptions—Erasures in the Charge of the Court.**

A bill of exceptions complaining of erasures in the charge of the court to the jury, should set out the clause or clauses erased; and further, must show that such erasures took place after the charge was read to the jury.

**2.   Charge—Accomplice Testimony.**

The court is not required nor authorized to charge upon the law of accomplice testimony where the facts fail to show that the witness was an accomplice, and the fact that one of the alleged stolen animals was turned over to the witness in a trade, he not knowing that it had been stolen, did not make him an accomplice.

**3.   Theft—Evidence—Taking Under Mistake.**

On a trial for theft of two head of cattle, where the evidence showed that defendant knew the cattle belonged to Smith, and that, prior to the theft, when Smith proposed to put his brand upon them, defendant urged him not to do so, and told Smith

that he would protect him in his ownership and possession of the same. Held: To show that defendant could not have taken them under a mistake, or that he believed he had a right to take them.

APPEAL from the District Court of Frio. Tried below before Hon. M. F. LOWE.

This appeal is from a conviction for the theft of two head of cattle, the property of R. G. Smith, wherein the verdict and judgment assessed the punishment at two years' imprisonment in the penitentiary.

The testimony shows that the two cows were branded J I on the left hip, and L S on the left side. Smith had driven one of the cows back with other cattle to the pen; he told defendant that inasmuch as he, defendant, had bought the J I brand, he Smith, would put her and the other cow, which he described to defendant, in his, Smith's, brand. Defendant said he had purchased the J I brand, and that Smith need not change the holding brand on his two cows, as he knew they were Smith's, and they would not be troubled; that he knew the cows better than Smith did. Smith never saw his cows afterwards.

Joe West testified: That he had gone to Frio County to get two yearlings Dock Lawrence, a brother of defendant, had sold him. Not finding the yearlings, John Lawrence, defendant's father, told defendant to go with witness into the pasture and get two cows, and that witness could have one of the cows for his yearlings. That they got the cows and necked them, and that he and John Lawrence, defendant's father, drove them to witness' house in Atascosa County, some forty miles, and that after reaching there he killed his cow for beef, and John Lawrence killed the other. That when he heard the cows had been stolen he reported the above facts.

As to the charge of the court, the complaint was, that the charge was the identical one which the court had given, at a former term, in the companion case of John Lawrence; that the name of this defendant was substituted for that of John Lawrence; and that other erasures and obliterations had been made so as to conform said charge to the facts in this case.

*John W. Preston, W. T. Merriwether* and *John T. Bivins*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of two cows, and prosecutes this appeal. If it be conceded that his first bill of exceptions is sufficiently specific to show that the court erased a portion of his charge, it does not set forth the clause or clauses erased. But, if it did this, it does not show that such erasure took place after the charge was read to the jury and filed in the cause, and the court's qualification of the bill makes it appear that the erasure occurred before it was read to the jury. This being true, there was clearly no error. Boothe v. State, 4 Texas Crim. App., 202; Baker v. State, 7 Texas Crim. App., 612. It is unnecessary to discuss the effect the court's action would

have had, if the erasure had occurred after the charge had been delivered to the jury. The witness West was not an accomplice, under the facts before us. The court, therefore, did not err in failing to instruct the jury in regard to the law applicable to such testimony. One of the stolen cows was turned over to West, in lieu of two yearlings purchased by him of Dock Lawrence, without knowledge on his part that the cattle had been stolen. This is the uncontradicted testimony in the record. The evidence does not indicate or intimate that appellant took the cattle under a mistake, or that he believed he had a right to take them. The testimony is uncontradicted that he knew the cattle belonged to Smith, the alleged owner; that prior to the theft Smith proposed to put his brand upon the cattle taken, and appellant urged him not to do so, and stated to Smith that he knew the cattle better than Smith, and that he would protect him in his possession and ownership of the same. Appellant had bought other cattle having the same brand as the cattle in question, and it seems the entire brand of cattle, except the two animals mentioned in the indictment. The judgment is affirmed.

*Affirmed.*