## RICHARD GRAY v. THE STATE.

### No. 2405.. Decided November 20, 1901.

**1.—Change of Venue—Unsuccessful Effort to Secure a Jury.**

Under provisions of article 616, Code of Criminal Procedure, where there has been an unsuccessful effort to secure a jury in the county of the prosecution, the venue may be changed upon the affidavit of any credible person. Held, a written affidavit is essential in such case, and the sworn testimony of the sheriff as to the facts is not tantamount to such written affidavit and will not suffice.

**2.—Same.**

Where an unsuccesful effort has been made to secure a jury in the county of the prosecution, the court may of its own motion change the venue under provisions of article 613, Code of Criminal Procedure; and where this has been done, the ruling will not be reviewed on appeal unless some prejudice or injury to defendant be shown.

**3.—Rape—Evidence—Permitting Child of Prosecutrix to be Exhibited to Jury.**

On the trial for rape of a female under the age of 15 years, it is error to permit the infant child of the prosecutrix to be exhibited to the jury.

**4.—Rape of a Female Under Fifteen Years of Age—Indictment.**

An indictment for rape of a female under the age of 15 years is sufficient which alleges that defendant "did then and there, in and upon R. G., a female

under the age of 15 years, make an assault, and * * * did then and there ravish and have carnal knowledge of the said R. G., the said R. G. not being the wife of defendant." Such indictment is not duplicitous.

Appeal from the District Court of Webb, on change of venue from Duval County. Tried below before Hon. A. L. McLane.

Appeal from a conviction of rape of a female under 15 years of age; penalty, twenty years imprisonment in the penitentiary.

The indictment charged appellant with the rape of Rosa Garcia, a female under the age of 15 years.

It is not necessary to state the facts of the case.

*Frank Fenille, C. C. Pierce,* and *George R. Hufford,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted in Duval County for rape upon Rosa Garcia, a female under the age of 15 years. On June 12, 1900, the court changed the venue of his motion to Webb County, over appellant's objection. On July 17, 1900, appellant, by his plea to the jurisdiction in the District Court of Webb County, contended the venue of the cause was changed without authority of law, which plea was overruled. And upon his trial he was convicted of rape, and his punishment assessed at twenty years confinement in the penitentiary.

An inspection of the records shows that a venire of sixty jurors was ordered in Duval County, and after being interrogated by counsel, were discharged without any juror being selected, by reason of a large majority of the venire having formed an opinion that would influence them in finding a verdict. The sheriff of Duval County, being sworn by the court, testified there were not enough qualified jurors remaining unsummoned in the county to complete a panel of twelve jurors, and that all reasonable means had been used to procure a jury for the trial of defendant, and no jury could probably be had in said county; the county having been exhausted of qualified jurors. Thereupon, on the court's own motion, the venue was changed to Webb County. Appellant's objections are based upon article 616, Code of Criminal Procedure, which provides: "Where an unsuccessful effort has been made in any county to procure a jury for the trial of a felony and all reasonable means have been used, if it be made to appear by the written affidavit of the attorney for the State or any other credible person that no jury can probably be had in that county, the court may order a change of venue, and cause the reason therefor to be placed upon the minutes of the proceedings." He contends that no written affidavit was filed, of any credible person, authorizing the court to change the venue, as required by this article. We hold that the record, showing that the court had the sheriff sworn and that he testified to the facts detailed, is not tantamount to a written affidavit, as contemplated by article 616. But under article 613, Id.,

the court of its own motion could have changed the venue, and he did so; and, unless some prejudice or injury is shown on the part of appellant, we will not review the discretion vested in the trial court.

The second bill of exceptions complains that the court erred in permitting the child of the prosecutrix to be exhibited to the jury. The district attorney stated he desired the exhibition of the child in order to corroborate the prosecutrix. It was error for the court to permit this. The exhibition of the child could not corroborate the prosecutrix, except upon the fact that she was the mother of the child, if there was other proof that she was its mother. The mere fact that prosecutrix had brought the child into court would not of itself establish that it was her child. If there were extraneous proof of the fact that this particular child was prosecutrix's, then it would not be evidence that appellant had committed the offense of rape upon prosecutrix; nor would the mere fact that prosecutrix had the child corroborate her testimony that appellant had committed the offense of rape. We have heretofore held this character of testimony could not be introduced where accused was being tried for seduction, and the reason for holding such testimony inadmissible in such character of cases applies with equal force to the case at bar. Barnes v. State, 37 Texas Crim. Rep., 320.

The charging part of the indictment is as follows: That defendant on or about the 1st day of September, 1899, in the county of Duval and State of Texas, "did then and there, in and upon Rosa Garcia, a female under the age of fifteen years, make an assault, and the said Richard Gray did then and there ravish and have carnal knowledge of the said Rosa Garcia, the said Rosa Garcia not being the wife then and there of the said Richard Gray," etc. Appellant contends the indictment is duplicitous. We have heretofore held this character of indictment to be good.

We will not discuss the other matters complained of, as they are not likely to arise upon another trial. But, for the error of the court above pointed out, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*