## Dan Banton v. The State.

### No. 4309. Decided March 18, 1908.

**1.—Rape—Charge of Court, to be Considered as an Entirety.**

Where upon trial for rape, the defendant on appeal in his motion for new trial singled out an isolated part of the court's charge, and the charge of the court considered as a whole correctly applied the law to the facts, there was no error.

**2.—Same—Argument of Counsel.**

Where upon trial for rape there was no bill of exceptions to the remarks of State's counsel, and the court excluded the same from the jury by a special charge, there was no error.

**3.—Same—Sufficiency of Evidence.**

Where upon trial for rape, the evidence showed defendant's act of intercourse with prosecutrix, who was under age of consent, the conviction was sustained.

Appeal from the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of rape; penalty five years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Hancock* and *Farrar, McRae & Pierson,* for appellant.—On question of charge of court: Henderson v. State, 51 Texas Crim. Rep., 193; 101 S. W. Rep., 245; Cooper v. State, 48 Texas Crim. Rep., 608; 14 Texas Ct. Rep., 115; Johnson v. State, 30 Texas Crim. App., 419.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant in this case was convicted in the District Court of Ellis County, Texas, of rape upon Lake Carter, a female under the age of fifteen years, and his punishment is assessed at confinement in the penitentiary for five years.

It is unnecessary to set out the facts or to discuss them further than to say that by the testimony of the prosecuting witness it was shown that the act of intercourse was had between herself and appellant about the date named in the indictment. The appellant's motion raises but very few questions.

The first ground of the motion is that the court erred in the following charge to the jury. "If you believe from the evidence that defendant did not have carnal knowledge of Lake Carter on or about August 28th, 1907, in a house on the Echols farm, or if you have a reasonable doubt thereof, you will acquit the defendant." It is claimed that this charge is erroneous in that it does not tell the jury that if they believe from the evidence that Lake Carter was over fifteen years of age at the time, or if they believe from the evidence that there was no penetration, or if they have a reasonable doubt of any or all such issues, they will acquit the appellant. It is also claimed that this charge is erroneous in that same casts the burden of proof on the appellant to prove his innocence, and that same does not permit the jury to find him not guilty from the lack or the insufficiency, or incredibility of the evidence. We have had many occasions to say what we now desire to repeat, that in testing the accuracy of charges, as other instruments, they should be considered in their entirety, and that it is an unfair criticism or test of the sufficiency of any charge to single out some isolated sentence or paragraph and make it a test.

Among other things, the court charged the jury, as follows:

"The constituent elements of the offense of rape upon a female under fifteen years of age, are: that the offending person, with or without the consent of the female, and with or without the use of force, threats or fraud, had carnal knowledge of her; that she was at the time under the age of fifteen years, and was not his wife; and further, the proof must show, beyond a reasonable doubt that the sexual organ of the female was penetrated by the male organ of the offending party, but it is not required to show that the penetration was to any particular depth, as proof of the slightest penetration is sufficient; it is not required to show emission. If you believe from the evidence, beyond a reasonable doubt, that the defendant did, as charged in the indictment, on or about the 28th day of August, 1907, as alleged in the County of Ellis and State of Texas, in a house on the Echols farm, have carnal knowledge of Lake Carter, and that she was not then and there his wife; and you further believe from the evidence, beyond a reasonable doubt, that she, the said Lake Carter, was then and there under the age of fifteen years, you will find the defendant guilty as charged and assess his punishment as hereinafter directed; if you do not so believe, beyond a reasonable doubt, you will acquit the defendant." Then after certain instruction with reference to the punishment, the penalty to be assessed, in the event of finding him guilty, the court gives the jury this instruction: "If you believe from the evidence that defendant did not have carnal knowledge of Lake Carter, on or about August 28th, 1907, in a house on the Echols farm, or if you have a reasonable doubt thereof, you will acquit the defendant." This is followed by the following instruction: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him and say by your verdict 'not guilty.'" We think that considered altogether the charge of the court is not subject to the objections and criticisms leveled against it.

The second assignment relied upon is, in substance, the misconduct of the county attorney of Ellis County in his closing argument in which it is averred that he made the following statement to the jury: "That a case has just been decided by a jury in this court, upon the uncorroborated testimony of a little girl." It is claimed that these remarks were excepted to at the time they were made and it is insisted that they were, notwithstanding the charge of the court to disregard them, of such a serious nature as that in any event, the case should be reversed. The record does not contain any exceptions to these remarks at all. The only reference to the matter is special charge given by the court at the request of counsel for appellant, as follows: "You are further instructed in addition to the main charge, that the remarks made by the county attorney to you, that a case has just been decided by a jury in this court upon the uncorroborated testimony of a little girl. Same shall not be considered by you for any purpose in considering of

your verdict." As here presented this assignment is without merit.

The only remaining assignment is that the verdict of the jury is unsupported by the testimony, and that the testimony is wholly insufficient to warrant a conviction. Without undertaking to quote the testimony, which as usual in such cases is quite vulgar and indecent, we think, in view of the finding of the jury, and the action of the learned trial court in overruling the appellant's motion for a new trial, that we are not at liberty to interfere.

The judgment is affirmed.

*Affirmed.*