# APRIL, 1911.

ALBERT VAUGHN v. THE STATE.

No. 1066.    Decided April 5, 1911.

Rehearing denied April 26, 1911.

**1.—Rape—Indictment—Precedent.**

Where the indictment for rape was in the approved form, there was no error in overruling a motion to quash.

**2.—Same—Charge of Court—Force.**

Where the rape was charged to have been committed on a female under the age of consent, and the indictment used the term "ravish," this does not require the proof of actual force, and there was no error to refuse a charge to instruct the jury to acquit because force had not been proved under the allegations of the indictment.

**3.—Same—Evidence—Age, Proof of.**

Upon trial of rape, there was no error in permitting the prosecutrix to testify that she was under fifteen years of age at the time of the alleged rape, and that her knowledge of her age was based upon information received from her mother.

**4.—Same—Evidence—Age of Prosecutrix.**

Where, upon trial of rape, the mother of the prosecutrix testified positively as to her daughter's age, giving the month and day of her birth, and that she kept up with her age by adding one year on each birthday, and that she knew her child's age, this was not secondary evidence.

**5.—Same—Misconduct of Jury—Affidavit of Juror.**

It is not permissible as a means of attacking the verdict of the jury, to have a juror file an affidavit that he did not properly discharge his duty.

**6.—Same—Misconduct of Jury—Exhibition of Child.**

Where, upon trial of rape, the child of the prosecutrix was exhibited before the jury without objection, it was no misconduct of jurors to discuss this circumstance in their retirement.

**7.—Same—Motion for New Trial—Affidavit—Hearsay.**

Where the affidavit attached to the motion for new trial was merely a matter of hearsay as presented, there was no error.

**8.—Same—Newly Discovered Evidence.**

Where the affidavit attached to the motion for new trial was purely hearsay as to the age of the prosecutrix, and there was no effort made at the proper time to procure the alleged absent testimony, there was no error.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence supported the conviction, there was no error.

Appeal from the District Court of Madison. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Toler & Wood* and *Randolph & Randolph,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of misconduct of jury: Turner v. State, 61 Texas Crim. Rep., 97, 133 S. W. Rep., 1052; Oates v. State, 56 Texas Crim. Rep., 571.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape upon a girl under fifteen years of age, his punishment being assessed at five years confinement in the penitentiary.

1. The indictment was attacked in a motion in arrest of judgment. The indictment is in stereotyped form, such as has been held sufficient to charge the offense, and we deem it unnecessary to discuss its validity.

2. Appellant requested the court to instruct the jury to acquit upon the theory that it was necessary to prove force under the allegation in the indictment that the defendant "did then and there ravish and have carnal knowledge" of prosecutrix. This contention is not well taken. While in a certain way the allegation "did ravish" carries with it the idea of the element of force, yet this character of indictment has been held sufficient to charge the offense on a girl

under fifteen years of age without requiring proof of force, or a charge upon the theory of force.

3. A bill of exceptions recites that Sadie Mason, the prosecutrix, testified that she was under fifteen years of age at the time of the alleged rape, and further stated that such knowledge was based upon information received from her mother. Objection was urged to this on the ground that it was hearsay. This character of evidence does not come within the doctrine of hearsay. Age, pedigree and matters of that sort are provable in the manner indicated in the bill of exceptions.

4. Another bill was reserved to the testimony of Mrs. Mason, mother of the alleged prosecutrix, who testified that her daughter, Sadie Mason, was under fifteen years of age at the time of the alleged commission of the offense, but that she could not remember the year of the birth of her daughter, but that she had a record of her birth at home. Objection was urged to this testimony on the ground that it was secondary evidence, and that the record containing the date of the birth was the best evidence and should be offered. This bill is qualified as follows: "The mother of the prosecutrix testified positively as to her daughter's age, and gave the month and day of her birth, but could not give the year. She, however, testified that she had kept up with her age, adding one year on each birthday and knew her age. She did not testify from the record she had, but from her own knowledge." As this bill is qualified by the trial judge, we are of opinion same does not show error.

5. Appended to the motion for a new trial is the affidavit of Vernon Jones, who was a member of the jury trying appellant, who stated that he was for some time in favor of an acquittal, and would likely have remained in that condition of mind had it not been for the fact that John T. Park, foreman, and other members, told him that the defendant could try for a new trial and then have the right of appeal also, which he thought would eventually amount to an acquittal. Affidavits of this character are not permissible as a means of attacking the verdict of the jury. A juror is not permitted to attack his verdict in this manner. This affidavit stands alone, and is not supported by any of the other jurors; but in any event, this character of affidavit is not receivable to set aside the verdict.

6. The affidavit of T. B. Waldrip was attached to the motion for new trial, stating that he was a member of the jury which tried appellant, and that after the jury had retired to consider their verdict, and during its deliberations, some member of the jury, whose name he did not recall, suggested that the baby or child of the prosecutrix, which was on exhibition before the jury during the trial, resembled or favored the defendant, and that after such suggestion it became the consensus of opinion of the jury that defendant was the father of the child, and that such determination or fact so concluded, convinced him and the rest of the jury that the defendant had

had carnal intercourse with the prosecutrix. This affidavit excludes any error on the part of the jury, as we understand the statement, injurious to appellant. If the child was on exhibition before the jury it was proper subject of discussion among the jurors. There was no objection, so far as this record is concerned, to the exhibition of the child, and it went before the jury for whatever it was worth.

7. Another affidavit signed by Mr. Randolph states that on the morning of the 26th of October, 1910, he was engaged in conversation over the telephone with H. A. Turner, of Midway, Texas; that during said conversation the said H. A. Turner told him that he was foreman of the grand jury at the time the bill of indictment against appellant was returned, and that prosecutrix testified before that body, that at the time the alleged offense was committed she was asleep, and did not know anything about it until it was all over, when she was awakened by the defendant, who told her not to say anything about it; that is, he says, is the substance and meaning of the conversation. We do not understand how this could be of service to the appellant. If, as a matter of fact, she was asleep and appellant had intercourse with her while she was asleep, it certainly would prove the fact that he had penetrated her and had intercourse with her. The affidavit of Mr. Turner is not proof of the record. The matter is hearsay as presented.

8. Another affidavit attached to the motion for new trial was made by Jim Vaughn, who says that on the morning of the 27th of October, 1910, he had a conversation with Mrs. Fannie Dorman at her home in Madison County, and that the said Mrs. Fannie Dorman told him that she would testify that Sadie Mason, prosecutrix, was more than fifteen years of age prior to June 1, 1909; that her son, Spencer Dorman, was born November 25, 1894, and while her said son was a mere baby and had not reached the age when he could walk, she and her husband moved to J. R. Hightower's place, north of Madisonville, and went into the house vacated shortly before that by Sadie Mason's parents, and that at this time Sadie Mason had reached the age when she was able to walk and run about. This does not come within the rule of newly discovered evidence in such manner that it can be considered. Mrs. Dorman was not produced nor offered on the trial of the motion for a new trial, nor is her affidavit attached. The statements in the affidavit are purely hearsay. If in fact Mrs. Dorman knew the age of the girl to be over fifteen years at the time of the alleged rape, she ought to have been produced, or at least there ought to have been sufficient diligence to secure this fact before the court by affidavit or the production of Mrs. Dorman herself. The mere hearsay statement of Jim Vaughn does not bring it within the rule of newly discovered evidence.

9. The question of the sufficiency of the evidence to support the conviction was an issue, and a matter to be decided by the jury. If the evidence for the State can be relied upon, the case is sufficiently

made out. This was denied by appellant, and supported by his wife, but the jury believed the State's evidence and discarded that for the appellant. Under such circumstances this court would not feel justified in setting aside the conviction.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 26, 1911.—Reporter.]