HENRY VANDERBERG v. THE STATE.

No. 1826.   Decided May 29, 1912.

**1.—Rape—Continuance Want of Diligence.**

Where, upon trial of rape, defendant's application for continuance showed a want of diligence, and the absent testimony would only tend to impeach the State's witness, there was no error in overruling same.  A subpoena in another case is no .diligence.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape of a female under the age of consent, the evidence amply supported the conviction, there was no error.

Appeal from the District Court of Williamson.   Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of rape on a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted for the offense of rape on a girl under fifteen years of age, and when tried was convicted and his punishment assessed at five years confinement in the penitentiary.

There are but two grounds assigned in the motion for new trial, one complaining of the action of the court in overruling the application for a continuance, and the other alleging the insufficiency of the evidence.

On hearing the motion for a new trial the attorney for appellant said he had no recollection of making a regular application for a subpoena for the absent witness in this case, but he was pretty certain that he requested the deputy district clerk to issue process for this witness.   The record shows that the process was not issued in this case, but a subpoena was issued for this witness in another and different case.   This would not be diligence.   In addition to this, the facts stated which could be proven by this witness would but tend to impeach the State's witness.   It is not stated the absent witness knew any fact bearing on the case, but only a statement alleged to have been made to her by the prosecuting witness, which was denied by the witness.   Under these circumstances the court did not err in overruling the application.   (Garrett v. State, 37 Texas Crim. Rep., 198; Butts v. State, 35 Texas Crim. Rep., 364.)

May Ollie Thomas testified that she was fourteen years of age, and her mother testified the girl was born in 1898, and no witness testified to any different state of facts.   This sufficiently proved she was under fifteen years of age at the time of the alleged rape.   Prosecuting witness testified she went to a supper, along with Louis Keys and

Wes Taylor. She testified that while at the supper "Appellant went with me out to the cotton patch from the supper, a pretty good distance from the house, and when he got me out there he raped me; I mean by that he threw me down and took it. I mean he got on top of me and pulled up my clothes and put something into me. I don't know how long he was on top of me; he stayed on until he got off. I stated that he put something into me; he got it in. I know the name of the thing he put in me; it was his dick or prick. That occurred at the supper, which took place in Williamson County, State of Texas, during this year; it was in the summer time." Wes Taylor testified that he went to the dance or supper, and he saw appellant and the prosecuting witness come out of the cotton patch together, and that subsequent to this time appellant admitted that he had had carnal intercourse with the prosecuting witness. Louis Keys also testified that he saw appellant and prosecuting witness coming from the cotton patch, and that at a different time appellant stated to him he had intercourse with that little girl, naming the prosecuting witness. This testimony amply supported the verdict if believed by the jury, and evidently they did believe it.

The judgment is affirmed.

*Affirmed.*

Prendergast, Judge, not sitting.