HILLIARD NOLAN v. THE STATE.

No. 5112. Decided October 23, 1918.

**Rape—Age of Prosecutrix—Burden of Proof.**

Upon trial of rape, upon a female under the age of consent, it was necessary to allege and prove that the prosecutrix was under fifteen years of age at the time of the alleged offense, and where this was not shown by the evidence beyond a reasonable doubt, the conviction could not be sustained; especially where this could have been done. Following Lawrence v. State, 32 S. W. Rep., 539.

Appeal from the District Court of Denton. Tried below before the Hon. John Speer.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Sullivan, Hill & Minor* and *T. B. Davis,* for appellant.—On age of prosecutrix: Parnell v. State, 42 S. W. Rep., 563; Stone v. State, 45 Texas Crim. Rep., 91; Simpson v. State, 46 id., 551; Mosley v. State, 9 Texas Crim. App., 137; Wilman v. State, 63 Texas Crim. Rep., 623.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This conviction is for rape, the punishment being assessed at confinement in the State penitentiary for a period of five years.

The crime charged consists of carnal knowledge of a female under fifteen years of age. That was the sole phase of the statute, article 1063, P. C., which was submitted to the jury. The only evidence as to the age was that of a doctor who examined the prosecutrix, and who, at the close of his testimony, was asked by the State's attorney. the following question: "She is less than fifteen years of age? A. Yes, sir; I would take her to be." It is apparent from the record that there were available a number of witnesses who could have testified definitely to the facts with reference to the age of the prosecutrix. She, her uncle and her cousin were used as witnesses for the State. None of them testified to her age. Before the case went. to the jury appellant directed the attention of the trial court and counsel for the State to the meager quantum of evidence upon the subject of age by requesting an instructed verdict, but no further evidence was introduced on the subject. It was necessary to allege and prove that the prosecutrix was under fifteen years of age at the time of the alleged offense. In our opinion the State did not discharge the burden upon it to prove a case beyond a reasonable doubt by the evidence quoted. The case of Lawrence v. State, 35 Texas Crim. Rep., 114, 32 S. W. Rep., 539, was one in which the prosecution was for statutory rape,·

and the age of consent was twelve years., Both the father and mother of the prosecutrix testified that she was not twelve years old, but were unable to give her age. A physician testified that from her appearance and development he thought that she was ten or twelve or more. The case was reversed because the proof was insufficient. In the present case the State's witnesses, who from their acquaintance with and relationship to the prosecutrix, were in position to know her age but were not interrogated upon the subject by the State. The only evidence upon the subject given was by the doctor, who is not shown to have had any intimate acquaintance with her, but apparently based his answer, "Yes, sir; I would take her to be," upon the fact that he had made a physical examination of her. The evidence is less definite than that in the case of Lawrence v. State, supra, and we think insufficient to support the conviction.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*