## DYER v. STATE.    (No. 9149.)

(Court of Criminal Appeals of Texas.    Oct. 7, 1925.    Rehearing Denied May 26, 1926.    On Application for Leave to File Second Motion for Rehearing, June 23, 1926.)

**1. Rape ⬅=36—State may prove prosecutrix under 15 on indictment for carnally knowing female under 18, but her age above that and unchastity is matter of defense to be proved by accused (Acts 35th Leg. [1918] 4th Called Sess. c. 50 [Vernon's Ann. Pen. Code Supp. 1922, art. 1063]).**

Proof that prosecutrix was under 15 years of age is proper, under indictment alleging carnal knowledge of female under 18, and that she might be over 15 and previously unchaste is matter for defense to be proved by accused, in view of Acts 35th Leg. (1918) 4th Called Sess. c. 50 (Vernon's Ann. Pen. Code Supp. 1922, art. 1063).

**2. Rape ⬅=41.**

In prosecution for statutory rape, proof of exact age of prosecutrix is always relevant as well to make out state's case as bearing on measure of punishment.

**3. Rape 40(2)—In prosecution for statutory rape, where fact of act was contested, and prosecutrix testified accused entered room and performed deed in silence, evidence of former act between them held properly admitted to give credence to her story.**

In prosecution for statutory rape, where fact of act was contested, accused claiming an alibi, and prosecutrix testified that accused entered her room at night without saying a word and performed the deed, evidence of former act of intercourse between them *held* properly admitted as shedding light on and fortifying her story as to his silence.

**4. Criminal law ⬅=1172(1)—Court's definition of "rape" held not harmful.**

Court's definition that "rape" is carnal knowledge of female under age of 18 years, other than wife of accused, with or without consent and with or without use of force, threats, or fraud, *held* not harmful.

**5. Rape ⬅=4—Where prosecutrix was under 15, refusal to direct acquittal if jury found prosecutrix had intercourse with any one prior to act charged held not error.**

Where undisputed evidence showed prosecutrix to be under 15 at time of alleged rape, refusal of charge that accused be acquitted, if prior to time of such offense prosecutrix had had intercourse with accused or any other person *held* not error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rape.]

### On Motion for Rehearing.

**6. Rape ⬅=13.**

Indictment for ravishing and carnally knowing female under 18 *held* supported by either proof that act was by force, or with consent.

**7. Indictment and information ⬅=125(37).**

Indictment charging that accused ravished and carnally knew female under 18 is not duplicitous.

**8. Rape ⬅=35(2).**

Use of word "ravish" in indictment charging also carnal knowledge of female under age of consent does not become descriptive of offense so as to require proof thereof.

**9. Criminal law ⬅=369(2).**

Testimony of former acts constituting independent crimes is admissible, when tending to solve issues put in dispute by defensive evidence.

**10. Criminal law ⬅=121.**

Refusal to change venue in prosecution for rape *held* not abuse of discretion, under conflicting evidence as to whether impartial jury could be found.

**11. Criminal law ⬅=956(13)—Refusal of new trial on ground that jury received information from others than witness held not abuse of discretion under conflicting evidence.**

Refusal of new trial, sought on ground that jury received evidence from other parties than witnesses to effect that accused had been convicted on former trial, *held* not abuse of dis-

cretion under conflicting evidence, tending also to show that no discussion of such facts took place until after agreement and verdict of guilty.

Commissioners' Decision.

Appeal from District Court, Franklin County; R. T. Wilkinson, Judge.

King Dyer was convicted of rape, and he appeals. Affirmed.

J. H. Beavers, of Winnsboro, and Maurice Wilkinson, of Mt. Vernon, for appellant.

Tom Garrard, State's Atty., of Lubbock, and Grover C. Morris, Asst. State's Atty., of Devine, for the State.

BERRY, J. The appellant was convicted in the district court of Franklin county for the offense of rape, and his punishment assessed at confinement in the penitentiary for a term of 30 years.

The indictment charges the appellant did ravish and have carnal knowledge of one Ouida Elliott, a female then and there under the age of 18 years and not being the wife of the said appellant. Appellant by the first complaint in his brief makes the proposition that as the indictment charges the appellant with the offense of rape by force and the evidence introduced by the state shows that the carnal knowledge of the prosecutrix was obtained by her consent, the rendition of the judgment of conviction is unsupported by the evidence. It is appellant's contention that as the indictment uses the word "ravish," it means nothing more nor less than that it charges the carnal knowledge of the woman to have been obtained by force and against her consent. The exact question here presented has been decided by this court in an opinion by Judge Davidson contrary to appellant's contention herein. Vaughn v. State, 62 Tex. Cr. R. 24, 136 S. W. 476.

[1, 2] By proper bill of exceptions, appellant complains at the court's action in permitting the state to prove that the prosecutrix was under 15 years of age, it being appellant's theory that under the allegations in the indictment the state had served notice upon the defendant that it would seek to prosecute the defendant for having carnal knowledge of a female under the age of 18 years and over the age of 15 years, and the defendant would not be precluded from introducing evidence showing that the prosecutrix was of previous unchaste character. We cannot agree with appellant's contention in this matter. As stated by Judge Lattimore in the case of Simpson v. State, 93 Tex. Cr. R. 303, 247 S. W. 548:

"We are of opinion that the language of the 1918 amendment to the statute charging rape upon a female under the age of consent (chapter 50, Acts Fourth Called Session, Thirty-Fifth Legislature [Vernon's Ann. Pen. Code Supp. 1922, art. 1063]) makes it apparent that the burden of showing that the alleged injured female was of previous unchaste character, is on the accused, and that this is a matter purely of defense."

This burden is discharged, however, when the evidence raises a reasonable doubt as to previous chaste character of the alleged injured female. That act of the Legislature did not otherwise affect the statute as it had heretofore existed than to permit the accused to show, if he could in a case of this character, that the prosecutrix was more than 15 years of age at the time of the commission of the offense and that she is of unchaste character, and if these two facts are shown by the accused, then they are sufficient to exonerate him. In our opinion, the Legislature did not intend to otherwise disturb or modify the statute with reference to rape of a female under the age of consent. In other words, we hold that it was not the purpose of the Legislature in raising the age of consent to 18 years to require the state to do any more in preparing an indictment than to charge that prosecutrix at the time of the alleged offense was less than 18 years of age, and, if it should develop from the facts that she was under 18 but over 15 and was of unchaste character then appellant would have the right to show this as a complete defense against the charge for which he was being tried. It occurs to us that it is always relevant and material to prove the exact age of the prosecutrix. This is not only pertinent in enabling the state to make its case, but it may be material on the question of punishment. It could hardly be said that a jury would be likely to mete out to an accused the same measure of punishment for having intercourse with a mature female only one day less than 18 years of age than it would inflict on a party having intercourse with an immature child.

[3] By proper bills of exception, appellant complains at the court's action in permitting the prosecutrix to testify, after she had testified that the appellant had intercourse with her on the night of November 25, 1921, same being the act for which he was on trial, that he also had intercourse with her in the month of July, 1921. Various objections were urged by appellant to the introduction of this testimony of another act of intercourse. Among them were objections to the effect that the introduction of former acts were separate and distinct offenses, were extraneous crimes, and were prejudicial to the rights of the defendant. The court qualifies this bill by stating:

"The state in making out its case in chief simply introduced the prosecutrix, and proved an act of intercourse which she testified to as having taken place between her and the defendant at his house on the night of November 25, 1921. On cross-examination the witness testified that on the night of the 25th of November, 1921, that she stayed all night with the defendant and his wife at their home in the

Lake View community in Franklin county; that she slept in a room next to defendant and his wife, between which two rooms was a very thin partition wall with large cracks in it; that about midnight of the night and after she, the defendant, and his wife had gone to bed and had been in bed some time, the defendant came to her room, opened the door in the partition wall, which made a loud noise in opening it, and. without saying a word proceeded to have intercourse with her in his own house after leaving the bed of his wife in an adjoining room; that during the act of intercourse there was nothing at all said between her and ·defendant, but when he had accomplished his purpose he returned to his room; that he said nothing to her when he came to the bed, in fact there was nothing said, so she testified, between them from the time he came into the room until he left. The defendant further on cross-examination asked her if she had not stated upon a former trial of the case that after the defendant had had intercourse with her, he said, 'Don't tell whose baby it is, if you have a baby,' and that this was all that was said between them. She said she had no recollection of such testimony, and neither admitted it nor denied it. Thereupon the defendant read in evidence extracts of her testimony on the former trial wherein she had in fact testified as follows: 'Yes, sir; he said, "Don't tell whose baby it is if you have a baby." That is all that he said.'

"After the cross-examination of defendant, the state rested, and the defendant put on his evidence in which he testified and denied any act of intercourse at all with the prosecutrix and testified that he was in Red River county with his wife and father and mother on the night of November 25, 1921 and was not in Franklin county at all during that night. He was corroborated by the evidence of his father, mother, and several other witnesses."

The court further states that he admitted this testimony on behalf of the state in its rebuttal evidence after the defendant had introduced all his evidence as above stated. This testimony was clearly admissible as shedding light on the transaction under investigation. It has been held by this court in many cases that, in the trial of a case of this character, it is proper to receive testimony of other acts of intercourse when such testimony tends to solve some controverted issue. It occurs to us that there could be no question but what this testimony of a prior act would tend very strongly to explain the conduct of the appellant on the night of November 25, 1921, in going to the bed of the prosecutrix and without in any manner talking to her engaging in an act of intercourse with her. In fact, we think it not too much to say that unless there had been prior acts of intercourse shown between them this testimony of the prosecutrix as to what took place on the night of November 25, 1921, might be incredible. The question has been clearly decided against the appellant's contention by many recent cases from this court, among which we cite the following: Crosslin v. State, 90 Tex. Cr. R. 467, 235 S.

W. 905; Rosamond v. State, 97 Tex. Cr. R. 569, 263 S. W. 297; Id., 94 Tex. Cr. R. 8, 249 S. W. 468; Greer v. State, 87 Tex. Cr. R. 432, 222 S. W. 986.

[4] Appellant's complaint with reference to the court giving the definition of "rape" to the effect that it is carnal knowledge of a female under the age of 18 years other than the wife of the accused, with or without consent and with or without the use of force, threats, or fraud, is overruled. If there was any error in this definition of rape, it was certainly in no wise harmful to the appellant.

[5] By bill of exceptions No. 6, appellant complains at the action of the court in failing to charge the jury that appellant should be acquitted if they found that he had sexual intercourse with prosecutrix prior to the night of November 25, 1921; it being appellant's view that such prior act would render prosecutrix unchaste. Appellant's contention would be correct if prosecutrix had been over the age of 15 years on the night of November 25, 1921, but as the undisputed testimony shows that she was less than 15 years of age at that time, then appellant's contention must be overruled; and this conclusion also disposes of appellant's complaint at the court's action in refusing to give his special charge instructing the jury to acquit the defendant if they should find that the defendant himself, or any other person, had had carnal knowledge of the prosecutrix prior to November 25, 1921.

Appellant also complains by proper bill of exceptions that the jury which convicted the defendant received information from other parties than the witnesses in the case, to the effect that defendant had been convicted in this case by a jury at a former term of this court and his penalty assessed at 25 years in the penitentiary. On this question, the court heard evidence of the jurors trying the case, and the testimony thus heard is properly preserved by bill of exceptions. If it be conceded that the testimony of the jurors offered by the appellant on his motion for a new trial raised the issue presented in the above complaint, then we think it beyond dispute that the question was a clearly controverted issue as is shown by all of the testimony introduced on the motion for a new trial. In other words, the issue was sharply drawn, and under this state of the record, it has always been the holding of this court that the ruling of the trial court will not be disturbed unless it shows a clear abuse of his discretion. We are unable to say that the record in this case shows that the court's ruling on the motion for a new trial was not correct, and appellant's complaint with reference thereto is therefore overruled.

Without discussing the evidence introduced on the motion for a change of venue, we

deem it sufficient to say that in our opinion it was exceedingly and hopelessly conflicting, and the court did not err in refusing to grant the same.

Finding no error in this record, it is our opinion that the judgment should be in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

### On Motion for Rehearing.

LATTIMORE, J. [6] It is insisted that the proof and allegation are at fatal variance, because the indictment alleges that the accused "did then and there ravish and have carnal knowledge of" the injured female, she being under the age of 18 years, and that the proof supports the contention that the carnal knowledge was had by her consent, appellant's position being that the use of the word "ravish" in the indictment makes it necessary to prove force.

The indictment follows form 497, Willson's Criminal Forms (4th Ed.) and has been held good in many cases by this court. Rodgers v. State, 30 Tex. App. 510, 17 S. W. 1077; Vaughn v. State, 62 Tex. Cr. R. 24, 136 S. W. 476; Anschicks v. State, 6 Tex. App. 524; Mayo v. State, 7 Tex. App. 347; Banton v. State, 53 Tex. Cr. R. 253, 109 S. W. 159; Alexander v. State, 58 Tex. Cr. R. 623, 127 S. W. 189; Buchanan v. State, 41 Tex. Cr. R. 127, 52 S. W. 769; Young v. State, 89 Tex. Cr. R. 230, 230 S. W. 414. In the Buchanan Case, supra, it seems correctly stated that an indictment such as the one before us charges two methods of rape on a female under the age of consent. It has always been the rule that an indictment which charges a rape to have been committed by force, threats, and fraud, is fully sustained by proof of any one of these three methods thus alleged. Cooper v. State, 22 Tex. App. 430, 3 S. W. 334. It is equally well settled that to charge rape on a female under the age of consent, the indictment fully charges same when it only says "did have carnal knowledge of the said ————." The instant indictment charging "did ravish *and* have carnal knowledge," etc., is therefore sustained by proof that the accused did have carnal knowledge of the girl.

We see no need for discussion of the well-understood proposition that the word "ravish" implies force and want of consent. The matter is not necessary to a proper decision of this case. It is as though we were urged to discuss the meaning or effect of an allegation of force, or one of threats, where the state relied solely on proof of fraud. In such case the methods not sustained by proof pass out. Branch's Ann. P. C. § 995.

Appellant insists that in later cases the doctrine above affirmed has been repudiated. He refers to Parks v. State, 92 Tex. Cr. R. 59, 241 S. W. 1017; Shroeder v. State, 92 Tex. Cr. R. 7, 241 S. W. 170; Cromeans v. State, 59 Tex. Cr. R. 611, 129 S. W. 1129; and Garrison v. State, 97 Tex. Cr. R. 498, 262 S. W. 762, as overruling the doctrine of the cases above cited by us. The Cromeans opinion was written before that in Vaughn v. State, supra, but we find nothing in the opinion in said Cromeans Case at all opposed to our view as here expressed. The learned special judge writing that opinion uses the following expression:

"Rape on a girl is with or without her consent, and with or without the use of force, and an indictment for such offense need not allege force (but if force is alleged it must be proved)."

This parenthetic statement alone can be relied on by appellant in the case before us as supporting his contention. All must agree that where force alone is charged in any case, whether over or under age, same must be proved, but when force and threats and fraud are charged in alleging rape, or when force and having carnal knowledge are charged in alleging rape of a female under the age of consent, it would be idle to insist that the case can only be made out by proof of force. The Cromeans Case, with the utmost respect to the learned judge who wrote the opinion, would be more accurate in the expression referred to if it should say in the parenthesis, "if force alone is alleged, it must be proved." So of the Parks Case, supra, wherein the trial court submitted both of two counts, one charging rape by force, threats, and fraud, and the other charging same by having carnal knowledge with consent. The jury convicted under the first count, and we held that the facts showing consent, the conviction under count 1 was not sustained. In the Shroeder Case, supra, assault to rape by force and without consent was alleged, and on the trial the case was treated as one charging an assault on a woman and not on a child, and what is said in the opinion there must be construed having this fact in mind. There is nothing in the Garrison Case, supra, that in any way supports the contention of appellant.

[7] No sort of attack was made on the indictment in the court below in this case. The indictment is not duplicitous. Gray v. State, 43 Tex. Cr. R. 300, 65 S. W. 375; Taylor v. State, 50 Tex. Cr. R. 362, 97 S. W. 94, 123 Am. St. Rep. 844; Rodgers v. State, 30 Tex. App. 510, 17 S. W. 1077; Fields v. State, 39 Tex. Cr. R. 488, 46 S. W. 814; Cooper v. State, 22 Tex. App. 429, 3 S. W. 334; Day v. State, 14 Tex. App. 30; Patterson v. State, 48 Tex. Cr. R. 322, 88 S. W. 226.

[8] Appellant also insists that the word "ravish," because of its use, becomes descriptive of the offense, hence must be proved.

Not so. Davis v. State, 42 Tex. 226; Anschicks v. State, 6 Tex. App. 524; Mayo v. State, 7 Tex. App. 347; Moore v. State; 20 Tex. App. 278; Whitehead v. State, 61 Tex. Cr. R. 558, 137 S. W. 356; Hightower v. State, 65 Tex. Cr. R. 323, 143 S. W. 1168; Vanderberg v. State, 66 Tex. Cr. R. 583, 148 S. W. 315.

The contention that if force is alleged in charging rape on a female under the age of consent, same must be proved, is no more sound in a case where the alleged injured party is a child than if the party was a woman, and in neither class of cases is it necessary to prove force unless force is the only means charged in the indictment. If any other means be charged in conjunction with force, the case may be made by proof of such other means and the allegation of force be ignored.

[9] It would be of no benefit for us to review the various authorities cited and discussed by appellant in an effort to combat what we said in reference to the admission of testimony offered by the state in its rebuttal, showing other acts of intercourse between appellant and prosecutrix. The state in no case can be required to make by its facts an exact replica of some other case that has been before the court and about which it has expressed an opinion, before the doctrines laid down in such earlier case can be held to have application. Whatever be the exact question raised and discussed in regard to other cases on their facts, if it be true in the case on trial that the testimony as to other acts did tend to solve issues put in dispute by the defensive testimony, such testimony would be admissible.

[10] We have again reviewed the evidence heard on the application for change of venue. Appellant introduced a number of witnesses, most of whom affirmed that in their opinion, taking into consideration the method of selecting the jury, appellant could not obtain a fair and impartial trial in Franklin county. The witnesses had no suggestion as to any better method of selecting a jury. Some of appellant's witnesses thought he could obtain a fair trial in said county. The state introduced a number of persons disclosing extensive acquaintance in the county who affirmed their belief that appellant could obtain a fair trial therein. Further than the fact that the case had been tried before, it is not shown that any particular publicity had attended either the commission of the offense or its trial. Upon its facts it was not of such unusual nature as to create comment or cause or arouse public sentiment. We see no reason for concluding that the trial court overrode the limits of his discretion in refusing to change the venue.

[11] The preponderance of the testimony of the eleven jurors, heard in support of appellant's contention that the jury received other evidence, seems to be against appellant's contention. Some of the jurors had heard of the case before they were taken on the jury, and one of them affirmed that he disclosed the fact that he had heard what the former verdict was to counsel before he was so accepted. No mention of the former trial or the verdict therein was made by any of the jurors until after they had voted guilty and had agreed on their verdict. It was shown that during the trial it was revealed that there had been a former trial, but, as stated, no juror discussed or referred to this fact while in the jury room. What juror Deaton heard said does not seem to have been said with reference to any particular party. If so, that fact is not shown. We think the trial judge within his province in overruling the motion for new trial.

Being unable to agree with any of the contentions made by appellant, the motion for rehearing will be overruled.

On Application for Leave to File Second Motion for Rehearing.

The application for leave to file second motion for rehearing has been considered, and we find nothing in same, save a reargument of matters which have already been considered by the court. Believing the matters correctly disposed of, said application will be denied.