THURMAN CHERRY v. THE STATE.

No. 15216.   Delivered May 11, 1932.

The opinion states the case.

*Woolworth & Baker,* of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for statutory rape, punishment being eighteen years in the penitentiary.

Prosecutrix testified that on the night of July 17, 1930, two days before she became 15 years of age, with her consent appellant had an act of intercourse with her on the front seat of an automobile which was parked on the side of a public road. On cross-examination prosecutrix admitted that appellant had two other acts of intercourse with her, one on July 25th, 1930, and another on August 3d, 1930. She testified that prior to the night of July 17th, she had never gone with appellant, and that she consented to intercourse with him the first time she had ever been with him alone. It was shown that she had gone with other boys prior to the time she first went with appellant. Prosecutrix made no report of her alleged relations with appellant until her pregnant condition was discovered by her mother. Appellant denied any act of intercourse with prosecutrix. He testified that on the night of July 17th he was at another and different place than that claimed by prosecutrix. Other witnesses corroborated the defensive theory of alibi.

By bill of exception No. 1 appellant contends that he was entitled to a defensive charge on the issue of previous unchaste character of prosecutrix at the time of the first act of intercourse between them, under the provision of article 1183, P. C., which provides that if prosecutrix be 15 years of age or over the defendant as a defense may show in consent cases she was not of previous chaste character. This contention is not based on conflicting evidence as to the age of prosecutrix. It seems to be conceded that prosecutrix did not become 15 years of age until the 19th of July. She says the act of intercourse upon which the state relied occurred on July 17th. We understand it is appellant's contention that if the act of intercourse upon which the state relied occurred at all it did not happen until some time in August, after prosecutrix became 15 years of age. Unless we have overlooked some evidence on that point, we think it failed to raise the issue. The testimony may be different on another trial. If it should raise an issue of fact as to whether the act of intercourse upon which the state relies occurred before or after prosecutrix became 15 years of age, and the further issue of previous unchastity be also raised by the evidence, then appellant would be entitled to a defensive charge under the provision of article 1183, P. C. Ellis v. State, 114 Texas Crim. Rep.,

197, 25 S. W. (2d) 347. Appellant relies upon Miller v. State, 96 Texas Crim. Rep., 133, 256 S. W., 598, as presenting a state of facts sufficiently similar to those found in the present case to raise the issue of previous unchastity of prosecutrix and make the propositions of law therein discussed applicable. The evidence may not be the same upon another trial; for that reason, and because the judgment must be reversed upon another ground, we do not review the evidence upon the issue suggested. A study of the Miller case in the light of whatever facts may be developed will guide the court upon another trial.

Bill of exception No. 2 reflects the following incident: At the time prosecutrix gave her testimony she had in her arms a baby, which she testified was born on May 10th. Appellant made no objection to her appearing as a witness with the child in her arms, nor did state's counsel at any time allude to the child either on the direct or redirect examination of prosecutrix. At the time of the trial the baby was about a year old. It had light hair. One Dub Mizzelle, who testified as a witness for the state, was a relative of prosecutrix. He had on different occasions been thrown with prosecutrix, although there was no testimony that he ever had improper relations with her. This witness also had light hair. During the opening argument of state's counsel no mention was made by him of the resemblance of the child to the defendant or to anyone else, nor was there any claim made by him that prosecutrix had given birth to the child as a result of the improper relations with appellant. While counsel for appellant was addressing the jury he said the witness Mizzelle was in all probability the father of the child, or was as likely to be its father as was appellant. He said there was a marked resemblance between the baby and the witness Mizzelle, and asked the jury to compare the features of the child with those of the witness, and particularly directed the attention of the jury to the fact that the baby's hair was light like that of the witness Mizzelle, and said if the jury would make a comparison of the features of the child and its hair with those of Mizelle there could be no doubt left in their minds but that Mizzelle was its father. After this argument had been made by counsel for appellant the county attorney, in his closing argument, made the following statement: "I want to make a proposition to Mr. Baker (counsel for defendant). I am willing to bring the baby of prosecutrix around and place it by the side of defendant and then let the jury judge as to whether or not the defendant is the child's father."

At this time prosecutrix was sitting outside the bar in the back of the court room. She immediately left her seat and brought the baby inside of the bar and to the table where appellant was sitting. It appears from the bill that everbody connected with the trial was trying to stop her. The county attorney was asking the prosecutrix to remain seated, the court was doing all he could to prevent her from coming inside the

bar with the child, and appellant's attorney was vociferously objecting during the whole proceedings. Notwithstanding this, prosecutrix approached the table where appellant was sitting, and in a voice which the jury heard, said: "Take it, Thurman, you know that it is yours!"

During the time she was making this statement she was standing by appellant with the baby extended towards him, and remained there until officers took her outside the bar. When the baby was brought around by prosecutrix the court immediately directed her to carry it back, and at once instructed the jury not to consider the argument of counsel for the state nor the prosecutrix's conduct for any purpose whatever. It is appellant's contention that, notwithstanding the action of the court, the incident complained of was of such character that its prejudicial effect could not be avoided by an instruction to the jury not to consider it.

The learned trial judge says in his explanation to the bill that the jury already had a better opportunity to observe the child when prosecutrix was on the witness stand with it in her arms than during the incident complained of. This may be true, but upon that occasion nothing occurred either in the examination of the witness nor from the remarks of counsel which would have directed the jury particularly to any claimed resemblance between the child and appellant or any one else. The court says that notwithstanging he instructed the jury not to consider either the argument of the county attorney or the conduct of the prosecutrix, yet he was of the opinion both were in direct answer to the argument of appellant's counsel. If appellant's counsel had not indulged in the remarks set out in the bill there would have been no occasion for the county attorney to have used the language attributed to him, and which unintentionally on his part, no doubt, brought prosecutrix around inside the bar with the baby. The remarks of appellant's counsel may have provoked the county attorney's language. Perhaps the latter's choice of words was unhappy in that prosecutrix appears to have understood them to be an invitation for her to confront appellant with the baby. It is clear from the bill that neither counsel for appellant nor the representative of the state anticipated the conduct of prosecutrix or intended to provoke it. Appellant's counsel may justly be held responsible for provoking the reply to his argument (if the reply did not invade the rules of law controlling under such circumstances), but we think it would be unjust to appellant to hold him responsible for an occurrence that seemed as much a surprise to the state as to appellant's counsel.

In seduction cases and in those where the prosecution is for carnal knowledeg of a female under the age of consent, it has been held error "to permit the introduction of a child of tender years for the purpose of comparison in order to establish paternity." Branch's Ann. Tex. P. C., sec. 2701, and cases there cited, including Gray v. State, 43 Texas Crim. Rep., 300, 65 S. W., 375. In making the proposition to have the baby

504

brought around for the very purpose of comparison by the jury the state's attorney perhaps went further than was warranted by the argument of appellant's counsel, although he was dangerously near a violation of the rule himself.

We have been referred to no precedent directly in point regarding the conduct of prosecutrix. Upon the general subject of misconduct of bystanders we cite, Eanes v. State, 10 Texas App., 421; Cartwright v. State, 16 Texas App., 473; Long v. State, 59 Texas Crim. Rep., 103, 127 S. W., 551, 555, Ann. Cas., 1912A, 1244; Todd v. State, 93 Texas Crim. Rep., 553, 248 S. W., 695; Cooper v. State, 72 Texas Crim. Rep., 645, 163 S. W., 424; Hickox v. State, 95 Texas Crim. Rep., 173, 253 S. W., 823. In the case of Long (supra) Judge Davidson very pertinently says: "Just how far the conduct of bystanders or occupants of the court house during the trial would operate to require a reversal has never been definitely settled, and in fact is incapable of being definitely settled. Each case must depend upon its own environment."

We are not able to reach the conclusion that the conduct of prosecutrix was not prejudicial to appellant, notwithstanding the instruction of the court that it should be disregarded. It furnished a highly dramatic incident at a crucial point in the case. Something caused the jury to fix appellant's punishment at 18 years in the penitentiary, a punishment which the records of this court show does not ordinarily follow an offense of the character here charged, when committed under the circumstances disclosed by the record, and where prosecutrix admits that the act of intercourse was with her consent on the first occasion she was ever alone with accused.

We do not discuss bills of exception 3 and 4. The incidents upon which they are predicated may not occur upon another trial. However, as we understand the present record, neither of the bills appear to present error.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*