GERONIMO COSTILLO V. THE STATE.

No. 22920. Delivered June 21, 1944.
Rehearing Denied October 18, 1944.

The opinion states the case.

*M. C. Gonzales* and *Joe Burkett,* both of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of thirty-five years in the penitentiary on a charge of statutory rape.

The prosecuting witness, Antonio Espinosa, is a niece of appellant and lived with him in his home in Atacosa County.

She was born June 13, 1927, and was under fifteen years of age at the date of the alleged offense on or about March 1, 1942. The evidence discloses that an illicit relationship existed between the prosecutrix and appellant for several years, first by persuasion of appellant, and later the practice was carried on frequently on the solicitation of prosecutrix.

We find eleven bills of exception in the record, none of which, in our opinion, reflect error. When the case was called for trial, a motion for continuance was timely made for two witnesses who were said to be somewhere in the armed forces of the government and could not be brought into court. The trial court found that due diligence had not been exercised to secure their evidence in the case, but we think this was immaterial because the evidence was not admissible under the developed facts. The motion declared the purpose to prove by the absent witnesses the previous unchaste character of the prosecutrix. All of the necessary facts to make this proof were testified to by the prosecutrix herself. She told of repeated acts taking place between her and appellant more than a year before the return of the indictment. However, such an issue will not avail as a defense because she was under fifteen years of age.

Objection was made to the testimony of prosecutrix as to her age and also to the fact that her parents and grandparents were dead. It was probably the theory of the State that it was necessary to show the death of her parents and grandparents in order to make admissible the testimony of the prosecution as to the full history regarding her age. (See Nolan v. State, 206 S. W. 92, and Johnson v. State, 59 S. W. 899). She testified that she knew her age and that she was born June 13, 1927. She also gave the family history including statements of the grandmother and of her baptismal certificate. Objection to this evidence is found in Bill No. Three, which is duplicitous and fatally defective.

The two questions most insisted upon in the oral presentation of the case are that it is not shown that the offense was committed in Atascosa County and that there was penetration. On these subjects the evidence is positive and unequivocal. We quote from the testimony: "I know Geronimo Costillo when I see him. I see him in the court room here. This man sitting right there. That is the man that put his male organ in my female organ and used me up there, that is the same one. That is the father of that child. I have never been married to Geronimo Costillo at any time. Geronimo Costillo used me and put his male organ in my female organ and that happened in Atascosa County, Texas."

It is further insisted that there is no evidence to show that the alleged act took place within a year of the return of the indictment. The prosecutrix testified that the conduct between her and appellant continued up to the time he took her to San Antonio for the purpose of shielding her in the birth of her baby. This was March 9, 1942. The only evidence introduced by appellant when the State closed its case was the file mark of the indictment, which was October 19, 1942. We see no grounds for raising this question.

Bills of exception also complain of the argument of the prosecution to the effect that the girl involved was without parents living and it was the duty of appellant to protect her. This seems to have been in accord with the facts of the case. He was her uncle and she made her home with him. Having assumed this responsibility, we see no ground for complaint that the evidence on the subject was called to the attention of the jury in the manner set out in the bill. We find no error in the proceeding and conclude that the judgment of the trial court should be, and it is, affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for rehearing, seriously contends that in the disposition made of this case, we erred in several respects.

His first contention is that we erred in holding that the testimony given by the prosecutrix to the effect that she was born in Bexar County on the 13th day of June, 1927, and that she knew this because her grandmother had told her, was not hearsay. It may be hearsay, but yet it seems to be the rule that age may be proved by the testimony of the person whose age is questioned; and the fact that his or her knowledge is derived from a statement of the parents or family reputation does not render it inadmissible. While the authorities in this state are not altogether in harmony on the subject under consideration, nevertheless, we think that the rule announced by this court in the following cases is the safest and soundest; Curry v. State, 50 Tex. Cr. R. 158; Boyd v. State, 72 Tex. Cr. R. 521; Sheppard v. State, 56 Tex. Cr. R. 604; Vaughn v. State, 62 Tex. Cr. R. 24. Otherwise, girls under the age of fifteen years who came to this state with their parents, who had died since their coming, would be favored prey for licentious men because the State

would be unable to make proof of their age by anyone who might have personal knowledge of that fact. Of course, if the mother is living, she should be called as a witness to testify to the age of her child, but where the evidence shows the parents to be dead, the child may testify as to her age from information obtained from her mother.

Appellant next claims that we erred in holding that the argument of the District Attorney was not of such inflammatory and prejudicial nature as was calculated to inflame the minds of the jury to his prejudice. The argument complained of was a reasonable deduction from the evidence. He contends, however, that the evidence which is the basis for the argument was not pertinent to any issue in the case and was inadmissible for any purpose. We are unable to agree with him. We think it was proper for the State to account for its failure to call the mother or father as a witness to testify to their child's age when, as in this instance, it was made an issue. Appellant is quite correct in his contention that where the prosecuting attorney in his argument goes outside the record or beyond reasonable and logical deductions from the evidence and thereby arouses the passion and prejudice of the jury to the injury of the accused, the conviction should not be permitted to stand when the punishment assessed by the jury exceeds the minimum prescribed by law. In the instant case, the argument was based on the evidence introduced.

His complaint relative to the court's action in overruling his application for a continuance is without merit. The record fails to show that he exercised any diligence to secure the attendance of the desired witnesses. The indictment was returned against him in October, 1942, but he was not tried until April, 1944. Just when he applied for process to be issued for the witnesses is not shown. It may have been but a few days prior to the day of trial.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.